UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DOW JONES & COMPANY, INC. d/b/a THE WALL STREET JOURNAL, a Delaware corporation, NEWS CORPORATION, a Delaware corporation, KEITH RUPERT MURDOCH, an individual, ROBERT THOMSON, an individual, KHADEEJA SAFDAR, an individual, and JOSEPH PALAZZOLO, an individual, <br><br> Defendants. | Case No.: 1:25-cv-23232-DPG |

**PLAINTIFF'S MOTION TO COMPEL EXPEDITED
DEPOSITION *DE BENE ESSE* OF DEFENDANT KEITH RUPERT
MURDOCH AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26(d), 30(a)(2)(A)(iii), and 32(a)(4)(C), files this Motion to Compel Expedited Deposition *De Bene Esse* of Defendant Keith Rupert Murdoch ("Motion"). In support, President Trump states as follows:

**SUMMARY OF MOTION**

The Court should grant this Motion and enter an Order compelling the expedited deposition of Defendant Keith Rupert Murdoch ("Murdoch") for at least three reasons. *First*, Murdoch is 94 years old, has suffered from multiple health issues throughout his life, is believed to have suffered recent significant health scares, and is presumed to live in New York, New York. Taken together, these factors weigh heavily in determining that Murdoch would be unavailable for in-person testimony at trial. *Second*, mindful that there presently is no current scheduling order given the

recency of the commencement of this action, the parties have not yet conducted their Rule 26(f) conference, and initial disclosures have not yet been served, the requested discovery sought in this Motion is limited solely to Murdoch. *Third*, Murdoch has an advantage over President Trump as Murdoch is able to defend himself because he has access to all the information and documents related to the below-defined malicious and defamatory Article, and the decision behind deciding to publish it. On the other hand, President Trump has very limited information related to the Article. For these and other reasons that follow, Murdoch would not suffer any prejudice significant enough to outweigh the good cause that exists to grant this Motion.

## FACTUAL BACKGROUND

1. On July 18, 2025, President Trump filed this action against Dow Jones & Company, Inc. d/b/a The Wall Street Journal ("Dow Jones"), News Corporation ("News Corp"), Murdoch, Robert Thomson ("Thomson"), Khadeeja Safdar ("Safdar"), and Joseph Palazzolo ("Palazzolo") (together, "Defendants"). *See* D.E. 1.

2. In this action, President Trump states that Defendants published the article titled "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a 50th Birthday Album. One was from Donald Trump" (the "Article"), which contained several false, defamatory, disparaging, and inflammatory statements about President Trump that maligned his character and integrity and portrayed him in a false light. *See generally id.*, ¶¶ 15-27.

3. As described more fully below, Murdoch, who is a director and the majority owner of News Corp, which is the holding company that wholly owns Dow Jones and oversees its corporate governance, has direct involvement in the publishing of the Article.

4. Indeed, before the Article was published, President Trump's Press Secretary received an email from Defendant Palazzolo advising that Defendants intended to publish the

Article.

5. Following receipt of the email from Palazzolo, President Trump reached out to, and spoke directly with, Murdoch and advised him that the letter referenced in the Article was fake. Murdoch advised President Trump that "he would take care of it":[1]



6. It stands to reason, and President Trump believes, that after their conversation, Murdoch spoke to others at News Corp, The Wall Street Journal, and related entities to inquire about the Article and discuss the propriety of publishing the Article.

7. Indeed, Murdoch is widely known for having a hands-on approach over editorial decisions related to News Corp's periodicals.[2]

---

[1]      https://truthsocial.com/@realDonaldTrump/posts/114871422727186590 President Donald J. Trump @REALDONALDTRUMP (July 17, 2025).

[2]      "Rupert, Lachlan and me: inside the Murdochs' 'medieval fiefdom'" THE GUARDIAN (August 5, 2024) (https://www.theguardian.com/media/article/2024/aug/06/rupert-lachlan-and-me-inside-the-murdochs-medieval-fiefdom-ntwnfb); "Special report: Rupert Murdoch, a hands-on newspaperman" REUTERS (July 19, 2011) (https://www.reuters.com/article/world/special-

8.      In fact, there have been reports of Murdoch claiming to others that he had direct involvement in the framing of the Article.[3]

9.      Because Defendants published the Article *after* President Trump spoke directly with Murdoch and advised him that the letter referenced in the Article was fake, Murdoch's direct involvement further underscores Defendants' actual malice and intent behind the decision to publish the false, defamatory, disparaging, and inflammatory statements about President Trump identified in the Complaint.

10.     Separately, it bears noting that Murdoch was born on March 11, 1931—he is 94 years old.[4]

11.     Upon information and belief, Murdoch is also a resident of New York, New York, which is well over 100 miles from this District.

12.     Murdoch has suffered, or is continuing to suffer, from multiple health issues. By way of illustration:

   a. On February 14, 2025, Murdoch collapsed and fainted at breakfast with a journalist.[5]

---

report-rupert-murdoch-a-hands-on-newspaperman-idUSTRE76I1IT/#:~:text=In%20his%20earlier%20days%20as,Europe%2C%22%20the%20committee%20noted); "Rupert Murdoch: A Populist Emperor of the Fourth Estate" EUROPEAN CENTER FOR POPULISM STUDIES (December 22, 2020) (https://www.populismstudies.org/rupert-murdoch-a-populist-emperor-of-the-fourth-estate/);

[3]     "Trump v Murdoch: why the Wall Street Journal isn't toeing the line" THE GUARDIAN (July 18, 2025) (https://www.theguardian.com/media/2025/jul/18/murdoch-trump-epstein-wsj-analysis#:~:text=And%20those%20who%20have%20watched,quite%20that%20easy%20to%20bully.%E2%80%9D).

[4]     "Rupert Murdoch (Australian-born American Publisher)" BRITANNICA (https://www.britannica.com/biography/Rupert-Murdoch) (last visited July 25, 2025).

[5]     "Rupert Murdoch 'collapsed during breakfast with Rebekah Brooks'" THE TELEGRAPH

      b. In 2022, he was hospitalized for "a serious case of COVID-19."[6]

      c. Within the last five years, Murdoch has "suffered a broken back, seizures, two bouts of pneumonia, atrial fibrillation, and a torn Achilles tendon."[7]

13. For the reasons below, there is good cause to expedite Murdoch's deposition, and the Court should exercise its discretion to authorize the same.

## ARGUMENT

**A. Applicable law.**

Under Federal Rule of Civil Procedure 26(d), a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Federal Rule of Civil Procedure 30(a)(2)(A)(iii) states that a party must obtain leave of court to conduct a deposition that is not agreed to by the parties and "the party seeks to take the deposition before the time specified in Rule 26(d)[.]" Fed. R. Civ. P. 30(a)(2)(A)(iii). And Federal Rules of Civil Procedure 32(a)(4)(B)-(C) stipulate that a witness is unavailable for purposes of trial if "the witness is more than 100 miles from the place of hearing or trial or is outside the United States" or they cannot "attend or testify because of age, illness, infirmity, or imprisonment[.]"

---

(February 14, 2025) (https://www.telegraph.co.uk/business/2025/02/14/murdoch-collapsed-during-breakfast-rebekah-brooks/).

[6] "Inside Rupert Murdoch's Succession Drama" VANITY FAIR (April 12, 2023) (http://vanityfair.com/news/2023/04/rupert-murdoch-cover-story).

[7] *Id.*

"Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery. 'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *TracFone Wireless, Inc. v. Holden Prop. Services, LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (granting expedited discovery because it was "necessary so that TracFone may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme.") (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 275–76 (N.D.Cal.2002)); *see also TracFone Wireless, Inc. v. Nektova Group, LLC*, 328 F.R.D. 664, 666 (S.D. Fla. 2019) (same holding); *see also Itamar Med. Ltd. v. Ectosense nv*, No. 20-60719-CIV, 2021 WL 12095084, at *2 (S.D. Fla. Sept. 29, 2021) (collecting cases: "Following the holdings of this Court, the undersigned adopts the 'good cause' standard.").

"Factors to be considered in evaluating the good cause showing 'include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.' " *GTO Access Sys., LLC v. Ghost Controls, LLC,* No. 4:16CV355-WS/CAS, 2016 WL 4059706, at *4 (N.D. Fla. June 20, 2016), *report and recommendation adopted*, No. 4:16CV355-WS/CAS, 2016 WL 4059676 (N.D. Fla. July 27, 2016) (cited only to explain applicable standard).

If the witness resides over 100 miles from the Court, and their age and health hinder their ability to travel, the Court may weigh these factors together and find that the witness is unavailable under 32(a)(4)(B):

> Defendants dispute the veracity of the Glasses' purported ailments and note that Plaintiff has failed to provide medical documentation for several of the conditions claimed. The Court agrees insofar as it cannot definitively conclude — on this record — that Plaintiff will be unable to attend trial come November, as

contemplated by Rule 32(a)(4)(C) (requiring a witness to be unable to attend trial "because of age, illness, infirmity, or imprisonment"). **But Defendants fail to persuade the Court that it cannot acknowledge the Glasses' health as relevant to the Rule 32(a)(4)(B) inquiry**. The Glasses are of advanced age, and the gravamen of this action is that Plaintiff sustained serious medical injuries because of Defendants' conduct. That alone suffices to conclude that Plaintiff would endure significant hardship were she or her husband required to travel the great distance between their home and this Court. Undoubtedly, Defendants may also face hardship in their inability to elicit live testimony at trial. But Plaintiff assumes an equal 'tactical burden [ ] by ... proceeding to trial in her absence,' a burden expressly contemplated by the Rule itself.

*Glass v. Metro. Washington Airport Auth.,* No. 1:23CV1449 (DJN), 2024 WL 1558712, at *3 (E.D. Va. Apr. 10, 2024) (granting motion for deposition *de bene esse*).

Ultimately, the Court has broad discretion to set the timing and scheduling of discovery. *See Itamar Med*., 2021 WL 12095084, at *2 (collecting cases: "Relying on this guidance, the Eleventh Circuit found that district courts have 'broad discretion' in the timing and scheduling of discovery.").

"*De bene esse* depositions have a long history. Dating back to the earliest days of our nation's history and beyond, the taking of a *de bene esse* deposition was a well recognized litigation tool for the preservation of testimony through a 'provisional' statement taken of a witness who may be absent at the time of trial." *Smith v. Royal Caribbean Cruises, Ltd.,* 302 F.R.D. 688, 689-90 (S.D. Fla. 2014). A party is able to take depositions subject to Federal Rules of Civil Procedure 26 and 30 and the Court's operative scheduling order during the applicable discovery period. *See id*. at 693 ("Accordingly, we hold that the Plaintiff, who is engaged in standard civil litigation, represented by counsel, in a routine civil case like those pending in every court in the country, has no right to take a trial deposition of any witness contrary to the schedule set forth by the Court's Rule 16 scheduling orders."); *see also Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002) ("The district court's identical treatment (for timing purposes) of discovery and

*de bene esse* depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two.").

**B. Good cause exists to conduct Murdoch's deposition on an expedited basis**.

Here, there are several factors that weigh in favor of granting this Motion and allowing Murdoch's deposition to occur on an expedited basis.[8]

***President Trump is requesting limited discovery***. Mindful that there is no current scheduling order, the parties have not yet conducted their Rule 26(f) conference, and initial disclosures have not yet been served, President Trump is requesting only to conduct Murdoch's deposition and have him produce documents associated *only* with his involvement in, and any discussions related to, the decision to publish the Article. A true and correct copy of the Subpoena Duces Tecum for Deposition is **Exhibit A**. Because the requested discovery is narrowly tailored to Murdoch, President Trump does not anticipate that it will have a prejudicial impact on the other Defendants.

***Murdoch's age and health warrant conducting his deposition on an expedited basis***. Murdoch recently turned 94 years old and has suffered, but thankfully overcome, multiple health issues throughout his life. Moreover, upon information and belief, Murdoch resides in New York, New York, which is well over 100 miles from this District. Thus, it is presumable, both because of his age and health and/or his distance from this Court, that Murdoch will be unavailable for trial. *See Supra Glass*, 2024 WL 1558712, at *3 (granting motion for deposition *de bene esse* and finding that witnesses were unavailable for trial under 32(a)(4)(B)).

---

[8]   Because there is no pending motion for preliminary injunction and President Trump does not intend to file one at this time, analysis of this factor is omitted.

***Murdoch has a low bar to comply with the requested discovery***. Because Murdoch is a director and majority owner of News Corp, he sits in the unique position of having readily available all documents, communications, and other information related to the Article and the decision to publish it. Moreover, if the purported letter in the Article somehow actually exists, which it does not, and the Defendants have it in their possession, which they do not, Murdoch has easy access to it.

***Timing of the deposition benefits Murdoch***. Because discovery has not yet begun, Murdoch has an advantage over President Trump to defend himself in his deposition. On the one hand, Murdoch has access to all the information related to the Article and the decision behind publishing it. On the other hand, President Trump has very limited information related to the Article and lacks the same access to information that Murdoch does.

Thus, for the reasons herein, Murdoch would not suffer any significant prejudice, especially when measured against the vital importance of this Motion to the administration of justice. Overwhelming good cause exists to expedite Murdoch's deposition without delay.

## CERTIFICATE OF CONFERRAL

On July 25, 2025, under Local Rule 7.1(a)(2), before filing this Motion, Plaintiff's counsel conferred with counsel for Murdoch via telephone, who communicated that Murdoch opposes the relief sought in this Motion.

## CONCLUSION

**WHEREFORE**, Plaintiff President Donald J. Trump respectfully requests that the Court grant this Motion, enter an order compelling the deposition *duces tecum* of Defendant Keith Rupert Murdoch within fifteen days, and award any other relief the Court deems proper.

Dated July 28, 2025

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
      **ALEJANDRO BRITO**
      Florida Bar No. 098442
      Primary: abrito@britopllc.com
      Secondary: apiriou@britopllc.com
      **IAN MICHAEL CORP**
      Florida Bar No. 1010943
      Primary: icorp@britopllc.com

      *Counsel for Plaintiff*
      *President Donald J. Trump*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on July 28, 2025, through the United States District Court for the Southern District of Florida's CM/ECF electronic filing system upon:

George S. Lemieux, Esq.
Timothy J. McGinn, Esq.
Eric C. Edison, Esq.
Gunster, Yoakley & Stewart, P.A.
450 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
glemieux@gunster.com
tmcginn@gunster.com
eedison@gunster.com
dpeterson@gunster.com
pholness@gunster.com
mzayas@gunster.com
eservice@gunster.com

Katherine M. Bolger, Esq.
Davis Wright Tremaine, LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020- 1104
katebolger@dwt.com
nycdocket@dwt.com

*Counsel for Defendants Dow Jones & Company, Inc.,*
*d/b/a The Wall Street Journal, News Corporation,*
*Keith Rupert Murdoch, Robert Thomson,*
*Khadeeja Safdar, and Joseph Palazzolo*

                                                  By: /s/ *Alejandro Brito*