AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| PRESIDENT DONALD J. TRUMP, an individual | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   25-cv-23232-DPG |
| DOW JONES & COMPANY, INC. et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          KEITH RUPERT MURDOCH

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Brito, PLLC<br>2121 Ponce de Leon Blvd., Ste 650<br>Coral Gables, FL 33134 | Date and Time: |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/28/2025

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  President Donald J. Trump
, who issues or requests this subpoena, are:

Alejandro Brito, 2121 Ponce de Leon Blvd, Ste 650, Coral Gables, FL 33134, abrito@britopllc.com; 305-614-4071

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  25-cv-23232-DPG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### Definitions

1.  "You," "Your", and "Yours" mean Keith Rupert Murdoch, and any person or entity who was or purported to be acting on his behalf including, but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

2.  "Plaintiff" means President Donald J. Trump.

3.  "Article" means the July 17, 2025 article titled "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a 50th Birthday Album. One was from Donald Trump" published on The Wall Street Journal.

4.  "Dow Jones" means Dow Jones & Company, Inc., and any person or entity who was or purported to be acting on its behalf including, but not limited to, its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

5.  "News Corp" means News Corporation, and any person or entity who was or purported to be acting on its behalf including, but not limited to, its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

6.  "Thomson" means Robert Thomson, and any person or entity who was or purported to be acting on his behalf including, but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

7.  "Palazzolo" means Joseph Palazzolo, and any person or entity who was or purported to be acting on his behalf including, but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

8.  "Safdar" means Khadeeja Safdar, and any person or entity who was or purported to be acting on her behalf including, but not limited to her employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

9.      "Tucker" means Emma Tucker, and any person or entity who was or purported to be acting on her behalf including, but not limited to her employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

10.      "Complaint" means the Complaint filed by Plaintiff in the United States District Court for The Southern District of Florida, Miami Division, Case No. 1:25-CV-23232-DPG.

11.      The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report, record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding, card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, Slack message, Signal message, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

12.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

13.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

### Instructions

1.      Your duty to respond to this Subpoena includes the duty to supply all documents and materials in your physical possession, as well as those which can be obtained from additional sources within your control.

2.      In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation, or expurgation of any sort.

3.      Unless otherwise indicated, the relevant time period referred to in this Subpoena is from the inception of your records through the present date.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

4.      You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production by electronically serving them on abrito@britopllc.com and/or icorp@britopllc.com.

5.      You may mail or deliver the copies to the attorneys whose names appear on this subpoena.

## DOCUMENT REQUESTS

1.      Any documents exchanged between You and Dow Jones related to the Article.

2.      Any documents exchanged between You and News Corp related to the Article.

3.      Any documents exchanged between You and Thomson related to the Article.

4.      Any documents exchanged between You and Tucker related to the Article.

5.      Any documents exchanged between You and Safdar related to the Article.

6.      Any documents exchanged between You and Palazzolo related to the Article.

7.      Any text messages, iMessages, WhatsApp messages, Slack messages, Signal messages, WeChat messages, or any other form of digital communication on any mobile device related to the Article that You have sent or received.

8.      Documents sufficient to show a log of the calls You made and received, on any landline or mobile phone number, from July 10, 2025 through July 25, 2025 related to the Article.