UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:25-CV-23232-DPG

PRESIDENT DONALD J. TRUMP, an individual,

    Plaintiff,

v.

DOW JONES & COMPANY, INC. d/b/a THE WALL STREET JOURNAL, a Delaware corporation, NEWS CORPORATION, a Delaware corporation, KEITH RUPERT MURDOCH, an individual, ROBERT THOMSON, an individual, KHADEEJA SAFDAR, an individual, and JOSEPH PALAZZOLO, an individual,

    Defendants.
_____/

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants Dow Jones & Co. ("Dow Jones"), News Corporation ("News Corp."), Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo (collectively "Defendants"), by and through their undersigned counsel, pursuant to Federal Rule of Evidence 201, respectfully request that this Court take judicial notice of each of the following documents, attached both as exhibits to the Declaration of Katherine M. Bolger ("Bolger Declaration"), D.E. 35-1, in support of Defendants' Motion to Dismiss ("Motion"), D.E. 35, and to this Request for Judicial Notice and incorporate the following Memorandum of Law:

### DOCUMENTS

- **Exhibit 2**, D.E. 35-3: Subpoena to the estate of Jeffrey Epstein by the House of Representatives of the Congress of the United States of America (Aug. 25, 2025), https://oversight.house.gov/wp-content/uploads/2025/08/2025.08.25-Subpoena-and-Schedule-to-Epstein-Estate.pdf.

1

- **Exhibit 3**, D.E. 35-4: Press Release, "Oversight Committee Releases Records Provided by the Epstein Estate, Chairman Comer Provides Statement," House Oversight Committee (Sept. 8, 2025), https://oversight.house.gov/release/oversight-committee-releases-records-provided-by-the-epstein-estate-chairman-comer-provides-statement/.

- **Exhibit 4**, D.E. 35-5: "The First Fifty Years," 238-page document with Bates stamps HOUSE_OVERSIGHT_000001-HOUSE_OVERSIGHT_000238, produced by the estate of Jeffrey Epstein in response to Request No. 1 in the House Oversight Committee subpoena, and released by the House Oversight Committee (Sept. 8, 2025).

- **Exhibit 5**, D.E. 35-6: A page with the Bates stamp HOUSE_OVERSIGHT_000165, which appears in Exhibit 4, as produced by the estate of Jeffrey Epstein in response to Request No. 1 in the House Oversight Committee subpoena, and released by the House Oversight Committee (Sept. 8, 2025).

- **Exhibit 6**, D.E. 35-7: Landon Thomas Jr., "Jeffrey Epstein: International Moneyman of Mystery," N.Y. MAG. (Oct. 28, 2002), https://nymag.com/nymetro/news/people/n_7912/.

- **Exhibit 7**, D.E. 35-8: "Transcripts: What the mics caught Donald Trump saying in 2005 and what he said in his taped apology," L.A. TIMES (Oct. 7, 2016), https://www.latimes.com/politics/la-na-pol-trump-bush-transcript-20161007-snap-htmlstory.html.

- **Exhibit 8**, D.E. 35-9: "Statement from Donald J. Trump," Internet Archive Wayback Machine (Oct. 7, 2016), https://web.archive.org/web/20170429192721/https://www.donaldjtrump.com/press-releases/statement-from-donald-j.-trump.

- **Exhibit 9**, D.E. 35-10: WSJ Staff, "Donald Trump Says His Lewd Comments About Women in Unearthed Video Were 'Locker Room Banter,'" WALL ST. J. (Oct. 7, 2016), https://www.wsj.com/articles/BL-WB-65871.

- **Exhibit 10**, D.E. 35-11: Michael Kruse, "The 199 Most Donald Trump Things Donald Trump Has Ever Said," POLITICO (Aug. 14, 2015), https://www.politico.com/magazine/story/2015/08/the-absolute-trumpest-121328/.

- **Exhibit 11**, D.E. 35-12: Harry Hurt III, "Donald Trump Gets Small," ESQUIRE (May 1991), https://classic.esquire.com/article/1991/5/1/donald-trump-gets-small.

- **Exhibit 12**, D.E. 35-13: Transcript, "Interview with Donald Trump," Larry King Live, CNN (Oct. 9, 2006), https://transcripts.cnn.com/show/lkl/date/2006-10-09/segment/01.

**MEMORANDUM OF LAW**

    **I.**    **Argument**

Pursuant to Rule 201(b) of the Federal Rules of Evidence, the Court may take judicial notice of facts that are (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Moreover, Rule 201(c)(2) provides that the Court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information" (emphasis added). The Eleventh Circuit and Southern District of Florida courts have routinely held that district courts may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment, including those in "public records." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir 2006); *see also Capece v. The Depository Tr. & Clearing Corp.*, 2005 WL 4050118, at *4-5 (S.D. Fla. Oct. 11, 2005) ("the Court is not limited to the four corners of the . . . [C]omplaint in reviewing either the motion to dismiss or the motion to remand" but "[i]n determining whether to grant a Rule 12(b)(6) motion ... matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'").

Here, all of the Exhibits, which consist of either governmental sources or public reporting, meet this standard. Defendants rely on these Exhibits to show that particular statements were included in these matters of public record. Defendants therefore request that the Court take judicial notice of them.

    **A.**    **Governmental Sources: Exhibits 2, 3, 4 & 5**

Exhibits 2 through 5 to the Bolger Declaration reflect documents authored by the House Oversight Committee or publicly released through the Committee's website. Such materials, as "contents of government publications and website materials," *Patagonia, Inc. v. Worn Out, LLC*,

2023 WL 3172530, at *6 (S.D. Fla. May 1, 2023), are appropriate for judicial notice since their "accuracy cannot reasonably be questioned." *Pyure Brands, LLC v. Nascent Health Sci. LLC*, 2019 WL 7945226, at *3 (S.D. Fla. Mar. 4, 2019) (judicially noticing materials appearing on the USPTO website); *see also Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017) (taking judicial notice of "information public[l]y available from an official government website"). Accordingly, this Court should take judicial notice of these Exhibits.

    B.  **News Articles and Campaign Statements: Exhibits 6, 7, 8, 9, 10, 11 & 12**

Exhibits 6 through 12 to the Bolger Declaration are news articles (including those containing transcripts of Plaintiff President Trump's statements) and Plaintiff's public campaign statements, which have been reported by the press or through Plaintiff's presidential campaign website. Defendants submit these articles and statements to establish that they "contain[ ] certain information, without regard to the truth of their contents"—a proper purpose for requesting judicial notice. *See Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see also U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("[C]ourts may take judicial notice of documents such as the newspaper articles at issue here for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)"); *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354 n.3 (S.D.N.Y. 1998) (taking judicial notice of "widespread newspaper coverage" of trial when determining plaintiff's reputation could not be further damaged "as a matter of law"). This Court should also take judicial notice of these Exhibits on the Motion to Dismiss.

WHEREFORE, Defendants Dow Jones, News Corp., Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo respectfully request that this Court take judicial

notice of the documents attached as Exhibits 2 through 12 to the Bolger Declaration, and grant any additional relief as is just, equitable and proper.

## CERTIFICATE OF L.R. 7.1(a)(2) GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Defendants contacted counsel for Plaintiff in a good faith effort to resolve the issues raised by this Request, and that counsel for Plaintiff advised on September 23, 2025 in writing that he does not agree to the requested relief.

Dated: September 23, 2025

By: */s/ George S. LeMieux*

**GUNSTER, YOAKLEY & STEWART, P.A.**
George S. LeMieux
(Florida Bar No. 16403)
Eric C. Edison
(Florida Bar No. 010379)
Timothy J. McGinn
(Florida Bar No. 1000377)
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com
tmcginn@gunster.com

Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger (pro hac vice)
Amanda B. Levine (pro hac vice)
Meenakshi Krishnan (pro hac vice)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com
meenakshikrishnan@dwt.com

-and-

**DECHERT LLP**
Andrew J. Levander (pro hac vice)
Steven A. Engel (pro hac vice)
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.engel@dechert.com

*Counsel for Defendants*