**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

Case No.: 1:25-cv-23232-DPG/EGT

PRESIDENT DONALD J. TRUMP, an individual,

    Plaintiff,

    v.

DOW JONES & COMPANY, INC. d/b/a THE WALL
STREET JOURNAL, a Delaware corporation, NEWS
CORPORATION, a Delaware corporation, KEITH
RUPERT MURDOCH, an individual, ROBERT
THOMSON, an individual, KHADEEJA SAFDAR, an
individual, and JOSEPH PALAZZOLO, an individual,

    Defendants.

_____/

## JOINT SCHEDULING REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Southern District of Florida Local Rule

16.1(b), and the Order Requiring Joint Scheduling Report and Proposed Scheduling Order (ECF

No. 39), Plaintiff President Donald J. Trump ("Plaintiff") and Defendants Dow Jones & Company,

Inc. d/b/a The Wall Street Journal ("Dow Jones"), News Corporation ("News Corp"), Keith Rupert

Murdoch ("Murdoch"), Robert Thomson ("Thomson"), Khadeeja Safdar ("Safdar"), and Joseph

Palazzolo ("Palazzolo") (together, "Defendants") (collectively, the "Parties") file this Joint

Scheduling Report, and state as follows:

    1.    Counsel for the Parties exchanged drafts before communicating on October 10,

2025, to discuss and prepare this Joint Scheduling Conference Report as follows. S.D. Fla. Loc.

R. 16.1(b)(1).

1

2.      The Parties request a **Standard Track**, in which three to ten days of trial is required, with discovery to be completed within the period of 180 to 269 days from the date of the Scheduling Order. S.D. Fla. Loc. R. 16.1(a)(2)(B).

3.      Pursuant to Local Rule 16.1(b)(2), the Parties submit as follows:

**A. The likelihood of settlement:**

Settlement is unlikely at this early stage.

**B. The likelihood of appearance in the action of additional parties:**

At this stage, the Parties do not anticipate adding additional parties to this action. However, the Parties reserve the right to seek leave to amend in compliance with the Federal Rules of Civil Procedure and this Court's orders.

**C. Proposed limits on the time:**

The Parties have proposed limits on time to join other parties and to amend the pleadings, to file and hear dispositive motions, and to complete factual discovery, as set forth in the Proposed Scheduling Order, which is **Exhibit A**.

**D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

Defendants have filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 35). ECF No. 39. Further, the Parties reserve their right to move for summary judgment as set forth in **Exhibit A**.

The Parties also plan, once discovery begins, to use all means of discovery available to simplify the issues and eliminate frivolous claims or defenses where possible.

**E. The necessity or desirability of amendments to the pleadings:**

To the extent that the Court grants Defendants' Motion to Dismiss Plaintiff's Complaint, without prejudice, Plaintiff would seek leave to amend. As indicated in section (B) above, the Parties do not anticipate adding additional parties at this time but reserve the right to seek leave where appropriate.

**F. The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

As discussed above, the Parties will use all resources available to streamline the issues in this case, including reaching stipulations where possible. The Parties agree to work in good faith to proceed as efficiently as possible with discovery and to stipulate to the authenticity of documents when and where practicable. The Parties also consent to electronic service of discovery requests and responses that need not be filed with the Court. Finally, the Parties will seek pre-trial and *in limine* rulings on admissibility issues where foreseeable and feasible.

**G. Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties will work cooperatively to identify and resolve by agreement as many evidentiary issues as possible. Additionally, the Parties will attempt to agree or stipulate to as many facts as reasonably possible to limit the presentation of evidence regarding undisputed facts.

**H. Suggestions on the advisability of referring matters to a magistrate judge or master:**

The Court entered an Order (ECF No. 30) appointing Magistrate Judge Torres for a final order or judgment regarding only discovery matters.

**I. A preliminary estimate of the time required for trial:**

Five to ten days.

**J. Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The Parties have proposed dates for trial and pretrial conferences in **Exhibit A**.

**K. Any issues about:**

(i) **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**;

At this time, the Parties do not have any issues to raise at this time but reserve all rights and waive none.

(ii) **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**;

At this time, the Parties do not have any issues to raise but reserve all rights and waive none. The parties will raise claims of privilege, as appropriate, during the course of the litigation.

(iii) **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist; and**

The Parties have agreed to use the Court's ESI Checklist and, where appropriate, will incorporate the topics and criteria contained therein into an agreed ESI protocol that will be tailored for this action.

**L. Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

At this time, the Parties do not have any issues to raise but reserve all rights and waive none.

Dated: October 10, 2025

Respectfully submitted,

By: /s/ *Alejandro Brito*

**BRITO, PLLC**
Alejandro Brito
Florida Bar No. 098442
Ian Michael Corp
Florida Bar No. 1010943
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, Florida 33134
Telephone (305) 614-4071
abrito@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*Counsel for Plaintiff*

By: /s/ *George S. LeMieux*

**GUNSTER, YOAKLEY & STEWART, P.A.**
George S. LeMieux
(Florida Bar No. 16403)
Eric C. Edison
(Florida Bar No. 010379)
Timothy J. McGinn
(Florida Bar No. 1000377)
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com
tmcginn@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger (pro hac vice)
Amanda B. Levine (pro hac vice)
Meenakshi Krishnan (pro hac vice)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com
meenakshikrishnan@dwt.com

-and-

**DECHERT LLP**
Andrew J. Levander (pro hac vice)

4

Steven A. Engel (pro hac vice)
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.engel@dechert.com

*Counsel for Defendants*

**<u>EXHIBIT A</u>**

**Proposed Scheduling Order**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case No.: 1:25-CV-23232-DPG**

PRESIDENT DONALD J. TRUMP, an individual,

    Plaintiff,

v.

DOW JONES & COMPANY, INC. d/b/a THE
WALL STREET JOURNAL, a Delaware
corporation, NEWS CORPORATION, a Delaware
corporation, KEITH RUPERT MURDOCH, an
individual, ROBERT THOMSON, an individual,
KHADEEJA SAFDAR, an individual, and JOSEPH
PALAZZOLO, an individual,

    Defendants.

_____/

**PROPOSED SCHEDULING ORDER SETTING**
**CIVIL TRIAL DATE AND PRETRIAL SCHEDULE**

On August 5, 2025, this Court entered a Stipulation and Order, which provided that, "Until

Defendants' forthcoming Motion to Dismiss the Complaint is adjudicated, the Parties agree not to

engage in discovery. However, during the pendency of Defendants' Motion to Dismiss, and before

it is adjudicated, the Parties shall conduct a Rule 26(f) conference and exchange Initial Disclosures.

If any party believes that discovery is required during this timeframe, notwithstanding their

agreement, a joint motion shall be required to seek that discovery." (Dkt. 28).

Consistent with that Stipulation and Order, the parties conducted their meet and confer on

**October 9, 2025** and agreed to exchange initial disclosure on or before **October 24, 2025**.

Pursuant to the Court's order directing the parties to file a Proposed Scheduling Order (Dkt.

39), the parties now submit this Proposed Scheduling Order.

7

THIS CAUSE is set for trial during the Court's two-week trial calendar beginning **12 months after a decision on the motion to dismiss**. The Calendar Call will be held at **9:30 a.m. on the Wednesday before the trial date**. A Status Conference will be held at **10:00 a.m. on the Wednesday three weeks after the mediation deadline**.

The parties shall adhere to the following schedule:

| | | |
|---|---|---|
| 1. | Joinder of any additional parties and filings of motions to amend the complaint by | **October 21, 2025** |
| 2. | Written lists containing the names and addresses of all fact witnesses intended to be called at trial by | **1 month before trial** |
| 3. | Parties shall disclose experts, expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **5 months before trial** |
| 4. | Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **4 months before trial** |
| 5. | Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by | **6 months before trial** |
| 6. | Fact discovery shall be completed by | **3 months before trial** |
| 7. | Expert discovery shall be completed by | **4 months before trial** |
| 8. | Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by | **3 months before trial** |
| 9. | Mediation shall be completed by | **4 months before trial** |
| 10. | All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **1 month before trial** |
| 11. | Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | **15 days before trial** |