UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOW JONES & COMPANY, INC. d/b/a THE WALL STREET JOURNAL, a Delaware corporation, NEWS CORPORATION, a Delaware corporation, KEITH RUPERT MURDOCH, an individual, ROBERT THOMSON, an individual, KHADEEJA SAFDAR, an individual, and JOSEPH PALAZZOLO, an individual,<br><br>Defendants. | Case No.: 1:25-cv-23232-DPG |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    A.  Judicial Notice Is A Narrow Exception And Cannot Be Used To Introduce Disputed Matters At The 12(b)(6) Stage ........................................................................................... 1

    B.  The Request For Judicial Notice Should Be Denied Because Defedants Failed To Articulate Specific Facts To Be Noticed Or Provide The "Necessary Information" Under Rule 201 .................................................................................................................. 4

    C.  None Of Defendants' Exhibit Are The Type That Are Proper For Judicial Notice .............. 6

        1.  The Court should deny judicial notice of exhibits 2, 3, 4, and 5 because they are offered for an improper purpose lacks any evidentiary basis ........................................ 6

        2.  Defendants improperly seeking judicial notice of the authenticity of statements made within exhibits 6, 7, 8, 9, and 10. ................................................................................ 8

CONCLUSION ............................................................................................................................. 10

CERTIFICATE OF SERVICE ..................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**

*Bryant v. Avado Brands, Inc.*,
    187 F.3d 1271 (11th Cir. 1999)……………………………………………………..……7

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)……………………………………………………………..…3

*King v. Akima Global Servs., LLC*,
    775 Fed. App'x, 617 (11th Cir, June 7, 2019)……………………..………………........3

*L.R. v. Cigna Health & Life Insurance Co.*,
    2023 WL 3479064 (M.D. Fla. May 16, 2023)……………………………………..……5, 6

*Lozman v. City of Riviera Beach,*
    2022 WL 19919679 (S.D. Fla. Sept. 29, 2022, Middlebrooks, J.)…………...……………..4, 5

*Shahar v. Bowers*,
    120 F.3d 211 (11th Cir. 1997) …..……………………………………………………..2, 3

*U.S. ex rel. Osheroff v. Humana Inc.*,
    776 F.3d 805 (11th Cir. 2015) …..…………………………………………………… 2, 3

*United States v. Jones*,
    29 F.3d 1549 (11th Cir. 1994)……………………………………………..2, 3, 7, 8, 9, 10

**Rules & Statutes**

Fed. R. Civ. P. 12(d)………………...……………………………………………………..2

Fed r. Civ. P. 12(b)(6)...……………………………………………………………..…Passim

Fed. R. Evid. 201…………………………………………………………………………Passim

Fed. R. Evid. 201(b)(1)–(2)..……………………………………………………….……..…2

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through undersigned counsel, files his Response in Opposition to Defendants' Request for Judicial Notice (D.E. 38). In support, President Trump states as follows:

## I.    INTRODUCTION

Defendants improperly seek to accomplish through a request for judicial notice what Rule 12(b)(6) does not permit: to *inject* disputed, unreliable, and inadmissible matters into the record before a single witness has been heard or any evidence has been tested. The materials Defendants attempt to rely on— newspaper articles, unsworn interviews, and online publications—are not the types of sources courts allow notice of under Fed. R. Evid. 201, and Defendants make no serious effort to argue otherwise. Nor have Defendants specified the adjudicative facts that they seek to establish or offer any analysis explaining how those statements could possibly be deemed indisputable, which they, of course, are not.

Instead, they ask this Court to sift through layers of double and even *triple* hearsay, and to treat those false claims as established truth—all at the pleadings stage, without authentication, cross-examination, or a developed evidentiary record. Rule 201 does not allow that, and a motion to dismiss is not an appropriate substitute. A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the credibility of extrinsic materials that Defendants wish to wrongly inject into the case. Defendants' improper attempted end-run around basic procedural safeguards should be rejected.

## II.    ARGUMENT

###     A.    Judicial Notice Is A Narrow Exception And Cannot Be Used To Introduce Disputed Matters At The 12(b)(6) Stage.

Generally, a Rule 12(b)(6) motion is strictly limited to the allegations within the four corners of the complaint. As the Eleventh Circuit has held, "a district court may not consider

matters outside the pleadings" at this stage. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). If extrinsic material is presented and not excluded, then "the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). The only exceptions are (1) documents attached to or incorporated into the complaint, and (2) facts properly subject to judicial notice under Rule 201. *See id*. Neither exception applies here.

Judicial notice is not an invitation to expand the record on a motion to dismiss. It is, as the Eleventh Circuit has emphasized, "a highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Rule 201 permits a court to accept a fact without proof only if it is "not subject to reasonable dispute" because it is either (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Again, neither applies here.

Courts apply that standard sparingly, reserving judicial notice for objective background facts—not contested narratives. "For example, the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when the sun rises or sets; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Shahar*, 120 F.3d at 214. Courts may also notice that a lawsuit was filed, that a government agency issued a report, or that a newspaper published an article—but *not* whether the statements reported are true. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Osheroff*, 776 F.3d at 811 n.4. "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. . . . Moreover, to deprive a party of the right to go to the jury with his

evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury." *Jones*, 29 F.3d at 1553.

By contrast, courts do not extend judicial notice to human statements, interpretations, or narratives. When it comes to the types of documents for which Defendants seek judicial notice, the Eleventh Circuit draws a sharp distinction between recognizing that a document was published and accepting the truth of what it says. *See e.g., id.*; *see also Osheroff*, 776 F.3d at 811 n.4 ("Courts may take judicial notice of press coverage … not whether the contents of those articles were true."); *see also King v. Akima Global Servs., LLC*, 775 Fed. App'x, 617, 621 (11th Cir, June 7, 2019) ("A statement of fact appearing in a newspaper does not itself establish that the fact is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"). As the court explained in *Shahar* when it denied the request to take judicial notice, "We stress that we are not asked merely to take judicial notice of the fact that the media has reported 'X' … We are asked to know 'X.'" *Shahar*, 120 F.3d at 214 n.5. That kind of factual adoption, which Defendants seek here, lies outside the scope of Rule 201.

Indeed, permitting Defendants to use judicial notice to introduce disputed assertions at the pleadings stage would collapse Rule 12(b)(6) into summary judgment. As one court warned, such misuse "risks premature dismissals of plausible claims that may turn out to be valid after discovery," because "if defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

In short, Rule 201 recognizes context—not credibility. It exists to confirm undisputed background conditions, not to validate one side's factual narrative. The press releases, interviews,

and online articles submitted by Defendants fall squarely outside the first category and into the second. The documents do not present universally known or indisputable facts; they present double and sometimes *triple* hearsay statements whose meaning, accuracy, and relevance are all subject to challenge. Defendants' request for judicial notice should be denied.

    **B.    The Request For Judicial Notice Should Be Denied Because Defendants Failed To Articulate Specific Facts To Be Noticed Or Provide The "Necessary Information" Under Rule 201.**

A party seeking judicial notice must pinpoint the exact facts it claims are subject to the strict requirements of Rule 201. Such articulation is necessary to provide the opposing party with a fair opportunity to respond to the request and for the court to properly apply Rule 201, as well as for the court to determine the proposed fact's relevance to a pending motion to dismiss. This is particularly true when the request seeks to admit an entire document without a detailed explanation of the facts sought to be noticed. Indeed, a party's failure to articulate those facts, as here, "is grounds for denial of the request." *See Lozman v. City of Riviera Beach,* 2022 WL 19919679, *6 (S.D. Fla. Sept. 29, 2022, Middlebrooks, J.).

In *Lozman*, the court denied a party's request for judicial notice because the party failed to "clearly articulate what specific fact or facts" it sought to be noticed. *Id.* at *5. The court reiterated that only "adjudicative facts" are properly noticed and that it was incumbent on the party seeking judicial notice to identify those facts and provide the requisite legal analysis justifying that judicial notice be warranted. *Id. at* *6 ("[T]he City's failure to identify any specific facts within the [proposed document] to be judicially noticed is grounds for denial of the request."). The court cautioned district courts to entertain only those requests that met this standard: "'Care should be taken by the court to identify the fact it is noticing, and its justification for doing so. *This is*

*particularly necessary when a document . . . from which any number of distinct facts might be drawn, is the object of the notice.*'" *Id.* (citation omitted) (emphasis in original).

Likewise, in *L.R. v. Cigna Health & Life Insurance Co.*, 2023 WL 3479064, at *2 (M.D. Fla. May 16, 2023), the court denied the request for judicial notice outright, citing the requesting party's failure to provide a sufficiently developed memorandum in support of its request for judicial notice. "Here, Plaintiff's entire Motion is a recitation of authority regarding Rule 201 along with a conclusion that the internet article is 'relevant to the facts and issues which are the subject of this proceeding.'" *Id.* The plaintiff failed to clearly define the facts it sought to be noticed or explain how those facts, "whatever they may be," originate from a source whose accuracy cannot be reasonably questioned:

> While Plaintiff emphasizes in bold Rule 201(b)'s requirement regarding accuracy, Plaintiff does not take the next step and identify the fact that is apparently not subject to reasonable dispute or Propublica—the source of the article—in any manner. The court's authority to take judicial notice under Rule 201 is limited to notice of "adjudicative fact[s]" defined as "the facts of the particular case . . . 'which relate to the parties.'" *United States v. Falcon*, 957 F. Supp. 1572, 1584-85 (S.D. Fla. 1997), *aff'd*, 168 F.3d 505 (11th Cir. 1999). Since Plaintiff does not discuss the facts to be taken notice of, the Court cannot determine if they relate to the parties.

*Id.* at *1. The *Cigna* holding was consistent with the advice offered in *Lozman*: "'Courts could save themselves much grief . . . by insisting that lawyers specify precisely the fact to be noticed," because failure to do so risks "turning a hearsay statement into 'truth' by the alchemy of judicial notice.'" *Lozman,* 2022 WL 19919679, *6 (quoting 21B Charles Alan Wright et al., Federal Practice & Procedure: Evidence § 5104 (2d ed. 2021).

Here, Defendants' Request for Judicial Notice suffers the same fatal flaws described in *Lozman* and *Cigna.* They simply list the "exhibits" for which they seek judicial notice (a total of 308 pages), recite Rule 201, make conclusory statements that they are seeking judicial notice within the proper bounds of Rule 201, and brazenly request that "This Court should also take

judicial notice of these Exhibits on the Motion to Dismiss." D.E. 38 at p. 4. Putting aside the impropriety of this request, even when reading Defendants' Motion to Dismiss, the Court is still left to guess what adjudicative facts—if any—Defendants are specifically requesting that the Court judicially notice. It is not the responsibility of either Plaintiff or the Court to parse through the Defendants' submissions and attempt to articulate on their behalf the specific "adjudicative" facts of which the Court should consider taking judicial notice. Thus, the Court should summarily deny Defendants' request. *See Cigna.* at *1 ("Since Plaintiff does not discuss the facts to be taken notice of, the Court cannot determine if they relate to the parties.").

    **C.    None Of Defendants' Exhibits Are The Type That Are Proper For Judicial Notice.**

A plain reading of Defendants' Request for Judicial Notice**,** along with its exhibits and considering how Defendants seek to use those exhibits to support their Motion to Dismiss**,** further militates in favor of this Court denying Defendants' Request.

    *1.    The Court should deny judicial notice of Exhibits 2, 3, 4, and 5 because they are offered for an improper purpose that lacks any evidentiary basis.*

Defendants group Exhibits 2, 3, 4, and 5 together and ask the Court to take judicial notice of each. Exhibit 2 is a post-Complaint, August 25, 2025 online press release from the United States House Oversight Committee. Embedded within the press release are hyperlinks to Exhibit 3, which is a subpoena, and Exhibit 4, a 238-page document that purports to be part of a larger, private third-party production (the so-called "Birthday Book"). Exhibit 5 is a single page extracted from that production. Defendants make a single-sentence argument that each of the documents may be judicially noticed for the simple fact that they appear on a government website. *See* D.E. 36 at p. 4.

Even if that statement of the law was correct (it is not)[1], and the Court were to take notice of the documents' *existence*, it does not supply the conclusion Defendants actually seek—that Exhibit 5 *is* the purported birthday letter referenced in the Article. At most, the document shows that *a* letter was appended or referred to in *a* legislative press release—but nothing within any of the documents for which Defendant seeks judicial notice establishes that Exhibit 5 is the *same* letter referenced in the Article.

Judicial notice cannot be used to supply missing factual connections. Rule 201 authorizes notice only of facts "not subject to reasonable dispute," not of conclusions that depend on assumptions about provenance. *See Jones*, 29 F.3d at 1553 (11th Cir. 1994). Whether Exhibit 5, which was first released *after* the commencement of this action, is the same drawing allegedly heard about, seen, imagined or otherwise conjured up by a reporter *prior* to the publication of the Article that is the subject of this action is a classic factual dispute—and one that must be resolved through discovery, not presumption. Critically, *no witness, author, or official custodian identifies Exhibit 5 as originating from, or corresponding to, the Article*. The Article itself does not state that Defendants obtained the letter from a congressional source, nor does the congressional record state

---

[1]   Defendants' reliance (at 3-4) on *Patagonia*, *Pyure Brands*, and *Setai Hotel* to argue that any government publication or website is proper for judicial notice is misplaced. Each of those cases involved filings from the United States Patent and Trademark Office ("USPTO")—a fundamentally different class of documents from the materials at issue here. Courts treat USPTO records as neutral, statutorily maintained public filings, submitted under regulatory compulsion to a federal agency charged with record integrity. And even when a court properly takes notice of such documents—which are not the kinds of documents at issue here—notice remains limited to the existence of it and not for the truth of facts asserted therein. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278–80 (11th Cir. 1999) (SEC filings mandated by law are proper for judicial notice, but only determining their existence and what they contain, and "not to prove the documents' contents.").

that its attachment was relied upon, quoted, or reviewed by that reporter. There is no attribution, no chain of custody, and no cross-reference tying the two documents together.

Rule 201 authorizes judicial notice only of facts "not subject to reasonable dispute," not of conclusions that depend on speculation about source or identity. *See Jones*, 29 F.3d at 1553. Here, multiple reasonable disputes exist—including whether the reporter ever saw the document appearing in the production referenced by the House Oversight press release. In short, Defendants are not asking the Court to recognize what appears in a congressional record—*they are asking the Court to assume that a reporter saw that same document.* Rule 201 does not permit judicial notice to substitute speculation for evidence.

> 2. ***Defendants improperly seeking judicial notice of the authenticity of statements made within Exhibits 6, 7, 8, 9, and 10.***

Exhibits 6, 7, 8, 9, 10, 11, and 12 are news articles or releases from various media outlets, each purporting to quote President Trump. As described above, Defendants' Request for Judicial Notice does not identify the specific facts for which they seek judicial notice, but they nevertheless insist that it does not concern "the truth of [the news articles'] contents." *See* D.E. 36 at p. 4. Yet, Defendants' Motion to Dismiss demonstrates otherwise. There, Defendants attempt to rely on the articles precisely for their truth—invoking them to try to establish that President Trump *in fact* made the statements attributed. *See* D.E. 35 at pp. 13-15.

Indeed, the Motion to Dismiss reveals Defendants' true intentions. For example, on page 15, Defendants cite to Exhibit 11 as proof of the "fact" that: "In 2006, on *Larry King Live*, Plaintiff referred to actress Angelina Jolie as having 'been with so many guys she makes me look like a baby[.]'" *Id.* at p. 15. Exhibit 11 is a purported transcript that Defendants obtained from a private website with a prominent disclaimer on top: "THIS IS A RUSH TRANSCRIPT. THIS COPY MAY NOT BE IN ITS FINAL FORM AND MAY BE UPDATED." *See* D.E. 36, Exhibit 11 at p. 1. In

their Motion to Dismiss, Defendants do not request that the Court judicially notice the mere *existence* of the document. Instead, Defendants seek to have this Court assume as verifiable fact the contents of the document. That is far beyond the permissible scope of Rule 201, and courts universally reject the application of judicial notice to the truth claims within a document. *See supra Jones*, 29 F.3d at 1553.

Another of Defendants' proposed exhibits provides the perfect example for why courts cannot take judicial notice that a person made a statement merely because a media source reports that he did. Exhibit 10 is a list published by *Politico*, an intensely partisan outlet, entitled "The 199 Most Donald Trump Things Donald Trump Has Ever Said." *See* D.E. 36, Exhibit 10 at p.1. The list offers no context or verification; it simply attributes quotations to President Trump with minimal or vague sourcing. In some instances, the only citation provided is a city and date—for example, number 66 lists the source as "Las Vegas, April 28, 2011;" number 76 as "New York City, June 16, 2015;" and number 137 as "Bluffton, S.C., July 21, 2015." *Id.* at pp. 6, 7, and 11.

In some cases, entries on the list have already been discredited by other reporters. For example, number 11 attributes a quote to President Trump that he allegedly made on April 2011 in an interview with *Xinhua*, a Chinese news outlet. *Id.* at p. 2. Yet, a subsequent investigation published in *Medium* on May 9, 2017, concluded that the referenced interview was a "complete fiction." *See* May 9, 2017 article attached hereto as Exhibit A, at p. 4. According to that reporter, "There never was a Xinhua interview that Trump gave about China in April 2011." *Id.* The earliest known mention of the quotation at issue appeared in a *Los Angeles Times* blog post by author Tony Pierce, who cited no link, provided no date, and later acknowledged when questioned that he "couldn't remember" the source. *Id.* As noted by the *Medium* reporter, "It's not that there are dead

links to the phantom interview; there are no links to it whatsoever… nor any specific information as to where or when it ran." *Id.*

Defendants take the same improper approach in each of the other Exhibits they cite in their Motion to Dismiss. They are not seeking judicial notice; they are seeking an opportunity to inject rank hearsay under the guise of Rule 201. They do not merely ask the Court to recognize that a newspaper article exists—they want this Court to adopt, as fact, a reporter's unverified claim about what President Trump supposedly said. That is a backdoor attempt to convert unsworn, out-of-court assertions into adjudicative facts. The Eleventh Circuit has condemned exactly this maneuver, holding that courts may acknowledge that a media report was published, but "not for the truth of the matter asserted therein." *Jones*, 29 F.3d at 1553. Whether Plaintiff made the alleged remark—and whether the reporter accurately recorded it—are disputed factual questions that must be tested through live evidence. It is not a proper application of Rule 201, and it should be rejected outright.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff President Donald J. Trump respectfully requests that the Court deny Defendants' Request for Judicial Notice in its entirety.

Dated October 20, 2025             Respectfully submitted,

            **BRITO, PLLC**
            2121 Ponce de Leon Boulevard
            Suite 650
            Coral Gables, FL 33134
            Office: 305-614-4071
            Fax: 305-440-4385

            By: /s/ *Alejandro Brito*
                **ALEJANDRO BRITO**
                Florida Bar No. 098442
                Primary: abrito@britopllc.com
                Secondary: apiriou@britopllc.com
                **IAN MICHAEL CORP**
                Florida Bar No. 1010943
                Primary: icorp@britopllc.com

            *Counsel for Plaintiff*
            *President Donald J. Trump*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on October 20, 2025, through the United States District Court for the Southern District of Florida's CM/ECF electronic filing system upon:

George S. Lemieux, Esq.
Timothy J. McGinn, Esq.
Eric C. Edison, Esq.
Gunster, Yoakley & Stewart, P.A.
450 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
glemieux@gunster.com
tmcginn@gunster.com
eedison@gunster.com
dpeterson@gunster.com
pholness@gunster.com
mzayas@gunster.com
eservice@gunster.com

Katherine M. Bolger, Esq.
Davis Wright Tremaine, LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020- 1104
katebolger@dwt.com
nycdocket@dwt.com

*Counsel for Defendants Dow Jones & Company, Inc., d/b/a The Wall Street Journal, News Corporation, Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo*

By: /s/ *Alejandro Brito*