**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, | Case No.: 1:25-cv-23232-DPG |
| Plaintiff, | |
| v. | |
| DOW JONES & COMPANY, INC. d/b/a THE WALL STREET JOURNAL, a Delaware corporation, NEWS CORPORATION, a Delaware corporation, KEITH RUPERT MURDOCH, an individual, ROBERT THOMSON, an individual, KHADEEJA SAFDAR, an individual, and JOSEPH PALAZZOLO, an individual, Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON
ACTUAL MALICE AND EXTEND DEADLINE TO FILE AMENDED COMPLAINT**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his undersigned counsel, respectfully submits this Motion for Leave to Conduct Limited Discovery on Actual Malice and Extend Deadline to File Amended Complaint (the "Motion"). In support, Plaintiff states as follows:

**SUMMARY OF THE MOTION**

For two reasons, the Court should grant this Motion, grant Plaintiff leave to conduct limited discovery on issues related to actual malice, and allow Plaintiff until June 26, 2026, to file his Amended Complaint.

*First*, it is well established that a public-figure defamation plaintiff, like President Trump, is entitled to discovery relating to a media defendant's state of mind. Routinely, courts around the country, including the Supreme Court of the United States, the Eleventh Circuit, and this District, have recognized that such discovery is proper. Precluding a public-figure defamation plaintiff from

being able to discover facts relating to a media defendant's state of mind places that plaintiff in an exceedingly difficult position of being forced to sufficiently allege actual malice without the benefit of discovery. Indeed, at least one District Court has found that it is proper to allow a public-figure defamation plaintiff limited discovery before filing an Amended Complaint after being given leave to amend.

*Second*, Plaintiff's request for discovery is limited to the issues of actual malice, the findings of the Court's Order Dismissing the Complaint [ECF No. 59], and the prima facie evidence of actual malice in the Article (as defined below). Indeed, the Article passes off as fact— on three separate occasions—that Plaintiff authored and signed the letter that is the subject of the defamatory statements at issue in this action. Moreover, the Article fails to explain, among other things,  how the alleged letter was prepared, who drafted the contents of the letter, how Defendants verified that it was, as they claim, Plaintiff's signature on the letter, how Defendants obtained a copy of the letter, or why Defendants chose not to publish the letter despite claiming that they reviewed it. All of these issues impact the evaluation of Defendants' state of mind at the time of publication and are focused on Plaintiff's substantial burden of alleging the existence of actual malice.

**RELEVANT FACTUAL BACKGROUND**

1.      On July 18, 2025, Plaintiff filed his Complaint against Defendants Dow Jones & Company, Inc. d/b/a The Wall Street Journal, News Corporation, Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo ("Defendants"). *See* ECF No. 1.

2.      Plaintiff's Complaint alleged that certain statements in the article published by Defendants titled "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a 50th Birthday Album.

One was from Donald Trump" (the "Article") were false and defamatory. *See* ECF No. 1, ¶¶ 24-25.

3.     On July 28, 2025, Plaintiff filed his Motion to Compel Expedited Deposition *De Bene Esse* of Defendant Keith Rupert Murdoch and Incorporated Memorandum of Law ("Motion to Compel Deposition"). *See* ECF No. 23.

4.     On August 5, 2025, the Court entered an Order Adopting Joint Stipulation, which abated Plaintiff's Motion to Compel Deposition and stayed discovery until Defendants' forthcoming motion to dismiss was adjudicated. *See* ECF No. 28, ¶ (1)(b).

5.     On September 22, 2025, Defendants filed their Motion to Dismiss the Complaint [ECF No. 35] ("Motion to Dismiss").

6.     The next day, Defendants filed their Request for Judicial Notice [ECF No. 38] ("Motion for Judicial Notice").

7.     On April 13, 2026, the Court entered its Order Granting in Part and Denying in Part [ECF No. 59] ("Order Dismissing Complaint") the Motion to Dismiss and Motion for Judicial Notice. *See* ECF No. 59.

8.     In its Order, the Court observed that this action "raises many questions of fact and law about the publication's account of events, journalistic integrity, and the First Amendment's protection of 'sometimes unpleasantly sharp attacks on government and public officials.' *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). However, most of those questions are for another day." *Id*. at 2.

9.     As to the Motion for Judicial Notice, the Court found that factual disputes between the parties precluded the Court from taking judicial notice of the Birthday Book and the Produced Letter. *See id*., § (III)(A)(1) ("The Court cannot make a factual finding, at this time, that the

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

documents produced by the Epstein Estate are the same documents referenced in the Article. Moreover, President Trump disputes that he wrote or signed the Produced Letter. Based on these factual disputes, the Court denies Defendants' request to incorporate by reference the Birthday Book and Produced Letter."); *see also id.*, § (III)(A)(2)(i) ("Defendants argue that the Court must take judicial notice of the Press Release, Subpoena, Birthday Book, and the page matching the Letter because a government agency published them. … While the produced documents certainly appear identical to the album and Letter referenced in the Article, the Court cannot, simply by taking judicial notice, find that they are the same, particularly where President Trump disputes their accuracy. This is a factual dispute that the Court cannot resolve at this stage of the litigation.").

10.     As to the Motion to Dismiss, the Court found that Plaintiff had not sufficiently alleged actual malice and failed to allege special damages. *See id.*, § (III)(B)(2)-(3). However, in doing so, the Court recognized that the parties disputed "whether President Trump was the author of the Letter or Epstein's friend" and declared that these "are questions of fact that cannot be determined at this stage of the litigation." *Id.*, § (III)(B)(1).

11.     Finally, the Court denied Defendants' request for attorneys' fees and costs and granted Plaintiff leave to amend his Complaint by April 27, 2026. *See id.*, § (IV).

12.     For these and the reasons that follow, Plaintiff seeks leave of Court to take limited discovery on the issue of actual malice and extend the time to file an Amended Complaint.

<strong>ARGUMENT</strong>

**A. Applicable law**.

It is well established that a public-figure defamation plaintiff is entitled to discovery into a media defendant's state of mind. In *Herbert v. Lando*, 441 U.S. 153, 169 (1979), the Supreme

4

Court of the United States held that "according an absolute privilege to the editorial process of a media defendant in a libel case is not required, authorized, or presaged by our prior cases, and would substantially enhance the burden of proving actual malice, contrary to the expectations of *New York Times, Butts*, and similar cases." Indeed, the Court in *Lando* explained that First Amendment precedent "necessarily contemplate[s] examination of the editorial process to prove the necessary awareness of probable falsehood," and that the "evidentiary burden Herbert must carry to prove at least reckless disregard for the truth is substantial indeed, and we are unconvinced that his chances of winning an undeserved verdict are such that an inquiry into what Lando learned or said during the editorial process must be foreclosed." *Id*., at 173-174; *see also Hutchinson v. Proxmire*, 443 U.S. 111, 120 n.9 (1979) ("The proof of 'actual malice' calls a defendant's state of mind into question, *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and does not readily lend itself to summary disposition.").

Other courts around the country have emphasized this principle. By way of example, the Seventh Circuit Court of Appeals has explained that "[p]roof of actual malice under *Sullivan* invariably depends on knowing the identity of the reporter's source, since a libel plaintiff needs to demonstrate that the reporter's source was unreliable or that the reporter failed to take sufficient steps to verify his or her story. Without such information, however, inquiring into the reliability of these sources would be a futile exercise: reporters could volunteer information buttressing their defense, and then plead the privilege to prevent the disclosure of any detrimental facts." *Desai v. Hersh*, 954 F.2d 1408, 1412 (7th Cir. 1992) (internal citations omitted). The United States Court of Appeals for the District of Columbia agrees. *See Carey v. Hume*, 492 F.2d 631, 636–37 (D.C. Cir. 1974) ("Even if he did prove that the statements were false, *Sullivan* also requires a showing of malice or reckless disregard of the truth. That further step might be achieved by proof that

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

appellant in fact had no reliable sources, that he misrepresented the reports of his sources, or that reliance upon those particular sources was reckless.").

There is binding precedent in this Circuit that yields the same conclusion. *See Miller v. Transamerican Press, Inc.,* 621 F.2d 721, 726–27 (5th Cir. 1980) ("Like the defendants in Carey and Garland, Transamerican's only source for the allegedly libelous comments is the informant. The only way that Miller can establish malice and prove his case is to show that Transamerican knew the story was false or that it was reckless to rely on the informant. In order to do that, he must know the informant's identity."). Courts in this District have recognized these principles as well. *See Carroll v. TheStreet.com, Inc.,* 2012 WL 13134547, at *4 (S.D. Fla. May 25, 2012) (denying motion to dismiss defamation claim and relying on *Lando*); *see also Dershowitz v. Cable News Network, Inc.,* 2022 WL 2662352, at *2 (S.D. Fla. June 15, 2022) (overruling objection to preclude production of documents: "First, the employment agreements have at least some relevance. In an actual malice case, a 'plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence.'") (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989) and citing *Herbert v. Lando,* 441 U.S. 153, 160 (1979)).

Indeed, a defamation plaintiff is entitled to take limited discovery on issues relating to the deficiencies that resulted in the dismissal of his original defamation claim. *See Willnerd v. Sybase, Inc.,* 2010 WL 4736295, at *1 (D. Idaho Nov. 16, 2010) (allowing defamation plaintiff to take limited discovery on his defamation claim and then file his amended complaint: "The Court now clarifies that, in granting Willnerd leave to amend his defamation claim, the Court did not intend to throw open the doors to begin discovery on the claim anew. To the contrary, the Court believes that the circumstances warrant tight restrictions on the scope of discovery pertaining to the defamation claim. … Willnerd contends—albeit vaguely—that evidence supporting his

6

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

defamation claim will be revealed in Sybase's responses. Thus, arguably, but for Sybase's refusal to provide [the] discovery requested when Willnerd filed his motion to amend, Willnerd could have amended his complaint to state a plausible claim for defamation.").

Without the benefit of discovery, requiring a public-figure plaintiff to "plead factual allegations supporting actual malice before they have any opportunity to discover those facts … creates an impossible situation for many public-issue plaintiffs." *Am. Muckrakers PAC, Inc. v. Boebert*, 2024 WL 3738932, at \*14 (D. Colo. June 9, 2024).

**B. Plaintiff should be entitled to limited discovery to inquire into the issue of actual malice.**

Plaintiff's request is for limited discovery tailored to these issues:

- How each Defendant acted with actual malice.

- How Defendants purposefully avoided the truth of the statements at issue.

- How Defendants allegedly obtained the letter and supposedly verified its contents, including Plaintiff's signature.

The plain language of the Article demonstrates that it "isn't clear how the letter with ***Trump's signature*** was prepared" and yet passes off as fact in the headline of the Article that it was "from Donald Trump" and that it was Plaintiff's signature. *See* ECF No. 35-2 (emphasis added). Indeed, the Article attributes the letter to Plaintiff as something he authored and signed: "A pair of small arcs denotes the woman's breasts, and the ***future president's signature*** is a squiggly 'Donald' below her waist, mimicking pubic hair." *See id.* (emphasis added). Moreover, the Article quotes a voiceover of an alleged third-person conversation between Plaintiff and Jeffrey Epstein and falsely implies that Plaintiff authored that conversation. *See id.*; *see also* ECF No. 1, ¶ 20. However, nowhere in the Article do Defendants explain how the alleged letter was prepared, who drafted the contents of the letter, how Defendants verified that it was, as they claim, Plaintiff's

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

signature on the letter, how Defendants obtained a copy of the letter, or why Defendants chose not to publish the letter despite claiming that they reviewed it. *See generally* ECF No. 35-2.

All of these issues go directly toward evaluating the Defendants' state of mind at the time of publication and are focused on Plaintiff's substantial burden of actual malice. *See supra Lando*, 441 U.S. at 173-174; *see also supra Hutchinson*, 443 U.S. at 120 n.9; *see also supra Desai*, 954 F.2d at 1412; *see also supra Hume*, 492 F.2d at 636–37; *see also supra Miller,* 621 F.2d at 726–27. Accordingly, Plaintiff respectfully submits that he should be entitled to limited discovery on these issues in order to facilitate pleading the factual allegations in his Amended Complaint. *See supra Willnerd*, 2010 WL 4736295, at *1; *see also supra Boebert*, 2024 WL 3738932, at *14.

## CERTIFICATE OF CONFERRAL

Under S.D.F.L. Local Rule 7.1(a)(3), Plaintiff and Defendants conferred as to the relief sought in this Motion. Defendants object to the relief sought in this Motion.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**WHEREFORE**, Plaintiff President Donald J. Trump respectfully requests that the Court grant Plaintiff's Motion, grant Plaintiff leave to conduct discovery on the issues identified in section B of this Motion, extend Plaintiff's deadline to file his Amended Complaint until June 26, 2026, and award any other relief the Court deems proper.

Dated April 14, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

    *Counsel for Plaintiff*
    *President Donald J. Trump*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on April 14, 2026, through the United States District Court for the Southern District of Florida's CM/ECF electronic filing system upon:

George S. Lemieux, Esq.
Timothy J. McGinn, Esq.
Eric C. Edison, Esq.
Gunster, Yoakley & Stewart, P.A.
450 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
glemieux@gunster.com
tmcginn@gunster.com
eedison@gunster.com
dpeterson@gunster.com
pholness@gunster.com
mzayas@gunster.com
eservice@gunster.com

Katherine M. Bolger, Esq.
Davis Wright Tremaine, LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020-1104
katebolger@dwt.com
nycdocket@dwt.com

*Counsel for Defendants Dow Jones & Company, Inc.*
*d/b/a The Wall Street Journal, News Corporation,*
*Keith Rupert Murdoch, Robert Thomson,*
*Khadeeja Safdar, and Joseph Palazzolo*

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650│Coral Gables, Florida 33134
Telephone: (305) 614-4071