**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

Case No.: 1:25-CV-23232-DPG

PRESIDENT DONALD J. TRUMP, an individual,

      Plaintiff,

v.

DOW JONES & COMPANY, INC. d/b/a THE
WALL STREET JOURNAL, a Delaware
corporation, NEWS CORPORATION, a Delaware
corporation, KEITH RUPERT MURDOCH, an
individual, ROBERT THOMSON, an individual,
KHADEEJA SAFDAR, an individual, and JOSEPH
PALAZZOLO, an individual,

      Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT LIMITED DISCOVERY ON ACTUAL MALICE AND EXTEND DEADLINE
TO FILE AMENDED COMPLAINT**

George S. LeMieux (Florida Bar No. 16403)
Eric C. Edison (Florida Bar No. 010379)
Timothy J. McGinn (Florida Bar No. 1000377)
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com
tmcginn@gunster.com

Katherine M. Bolger*
Amanda B. Levine*
Meenakshi Krishnan*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com
meenakshikrishnan@dwt.com

Andrew J. Levander*
Steven A. Engel*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.engel@dechert.com
*pro hac vice

On April 13, this Court dismissed the defamation complaint of Plaintiff President Donald J. Trump because it came "nowhere close" to pleading actual malice—an integral element of a defamation claim.  Dkt. 59.  President Trump's latest motion—which asks this Court to take the unprecedented step of permitting him to take discovery of Defendants[1] prior to filing an amended complaint—essentially concedes that he cannot meet this standard.   President Trump's extraordinary request contravenes the federal pleading standards, reverses the ordinary sequence of discovery, and has no basis in law.  Put simply, the President seeks discovery not to *prove* a properly pleaded claim, but to *try to find* one.  Because discovery is not a tool to cure pleading deficiencies—and because President Trump makes no other attempt to demonstrate good cause to extend the amendment deadline—the Motion should be denied in its entirety.

## ARGUMENT

**I.     PRESIDENT TRUMP IS NOT ENTITLED TO DISCOVERY TO CORRECT HIS PLEADING DEFICIENCIES**

In his Motion, President Trump asks this Court for discovery to search for facts that might allow him to replead his groundless defamation action against Defendants.  But it is perhaps the most basic principle of federal litigation that a plaintiff cannot "unlock the doors of discovery . . . armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  And here, given the recent dismissal of his complaint, President Trump does not even have that.  His request, if granted, would "reverse the logical sequence in litigation—claim first, discovery later." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1314 (S.D. Fla. 2011).

For this reason, in *Sovereign Bonds Exchange v. Federal Republic of Germany*, 2011 WL 13100214 (S.D. Fla. Aug. 9, 2011), this Court rejected a similar argument to the one the President

---

[1] Defendants in this action are Dow Jones & Co., Inc., News Corporation, Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo ("Defendants").

advances now.  There, the Court had granted the defendant's motion to dismiss without prejudice. *Id.* at \*1.  In response, the plaintiff sought an extension of time to amend its complaint and leave to take discovery because it "insist[ed] it cannot properly amend . . . without certain information that only [the defendant] possesses."  *Id.*  The Court rejected that request, concluding that the plaintiff "essentially . . . concedes it cannot currently state a plausible claim within the confines of Rule 11, but is hoping if it has the opportunity to take discovery it may be able to do so."  *Id.* But, "[p]arties may not file insufficient complaints with the hope of receiving discovery to make them sufficient."  *Id.* at \*2; *see also Christie v. Royal Caribbean Cruises, Ltd.*, 497 F. Supp. 3d 1227, 1237 (S.D. Fla. 2020) (denying plaintiff's request to conduct discovery before amending his complaint); *Belik*, 864 F. Supp. 2d at 1313 (rejecting plaintiff's "request[] [for] discovery to establish the claim").  Here, as there, President Trump's attempt to seek early discovery is a concession that he cannot plausibly allege a defamation claim, not grounds for unprecedented pre-complaint discovery.  His Motion should be denied.

## II.     THE ACTUAL MALICE STANDARD EXISTS TO PREVENT MERITLESS DEFAMATION SUITS, NOT TO INVITE PRE-COMPLAINT DISCOVERY

President Trump's sole argument in support of his extraordinary request for pre-complaint discovery is that because actual malice is a subjective standard, he should be entitled to take discovery into Defendants' states of mind before facing a motion to dismiss.  *See* Mot. at 4–7. This request effectively seeks a general exception to federal pleading rules—one that would apply not just in every actual malice case but whenever a claim turns on a defendant's subjective state of mind (which would impose no meaningful limit at all).  President Trump provides no grounds for such a significant departure from fundamental federal pleading standards, and courts have already rejected his argument in the actual malice context.  *See Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015) ("[A] public-figure plaintiff must plead 'plausible grounds' to infer actual

malice *by alleging 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' actual malice*.") (emphasis added).

Indeed, contrary to the President's position, actual malice is an exceptionally *inappropriate* topic for pre-complaint discovery.  As the Eleventh Circuit held in *Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016), the actual malice pleading requirements were expressly "designed to allow publishers the 'breathing space' needed to ensure robust reporting on public figures and events," *id.* at 702.  "Thus, a public figure bringing a defamation suit must plausibly plead actual malice in accordance with the requirements set forth in *Iqbal* and *Twombly*" *before* proceeding to discovery.  *Id.*  The expansive, intrusive, and one-sided discovery President Trump seeks of Defendants only underscores the *Michel* Court's reasoning—"[f]orcing publishers to defend inappropriate suits through expensive discovery proceedings . . . would constrict [the First Amendment] breathing space in exactly the manner the actual malice standard was intended to prevent."  *Id.*; *see also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) (in actual malice defamation case, "to access discovery mechanisms, a plaintiff must first produce a complaint that passes the plausibility test—a test that helps keep defendants from wasting time and money in discovery on 'largely groundless' claims").  In short, the Eleventh Circuit has already foreclosed the very argument President Trump makes here.

In an effort to avoid this outcome, and citing one line of dicta in *America Muckrakers PAC, Inc. v. Boebert*, 2024 WL 3738932, at *14 (D. Col. June 9, 2024), President Trump argues that requiring a public figure plaintiff to plead "factual allegations supporting actual malice" prior to discovery creates an "impossible situation."  Mot. at 7.  But the *American Muckrakers* Court expressly said that it "need not resolve this tension" (because the case was governed by Colorado's special motion to strike standard under the state's anti-SLAPP statute).  2024 WL 3738932, at *14.

4

The Court's passing observation on the difficulty of proving actual malice in no way endorsed pre-complaint discovery into the issue.

Indeed, the courts that have actually considered this argument have squarely rejected it. In *Biro*, for example, the Second Circuit Court of Appeals recognized that while the "hurdles to plausibly pleading actual malice" are "significant given the First Amendment interests at stake," they are "by no means insurmountable." *Biro*, 807 F.3d at 545. The many defamation cases that survive motions to dismiss on actual malice grounds only bolster this point. *Id.* at 546 (citing cases). In reality, President Trump's gripe is not that public-figure plaintiffs may *never* successfully plead actual malice, but rather that *he* lacks plausible grounds to do so here.

And President Trump's request for pre-complaint discovery is far from "limited," as he claims. He seeks early discovery into Defendants' newsgathering methods, including how they "obtained the letter and supposedly verified its contents," as well as into each one of their subjective states of mind. Mot. at 7. In reality, President Trump requests the same discovery that he would seek if he had filed a complaint that plausibly alleged actual malice. He is asking for broad one-sided discovery of every Defendant at a juncture where there is not even an operative complaint. He therefore asks this Court to invent an exception from the well-established pleading standards that govern every single federal civil case.

There is not a shred of precedent supporting President Trump's request. *None* of the cases cited in his motion authorize actual malice discovery prior to the complaint surviving a motion to dismiss. Instead, each case addresses the scope of discovery into actual malice *after* a viable case has entered discovery. *See Herbert v. Lando*, 441 U.S. 153, 169 (1979) (discussing actual malice in ruling on motion to compel discovery); *Hutchinson v. Proxmire*, 443 U.S. 111, 120 n.9 (1979) (discussing actual malice in order on summary judgment motion); *Desai v. Hersh*, 954 F.2d 1408,

1412 (7th Cir. 1992) (discussing actual malice in order on post-trial motion); *Carey v. Hume*, 492 F.2d 631, 636–37 (D.C. Cir. 1974) (discussing actual malice in ruling on motion to compel discovery); *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 726–27 (5th Cir. 1980) (same); *Dershowitz v. Cable News Network, Inc.*, 2022 WL 2662352, at *2 (S.D. Fla. June 15, 2022) (same).[2]

Tellingly, even the lone case President Trump cites for the proposition that a "public-figure defamation plaintiff [may obtain] limited discovery before filing an Amended Complaint" does no such thing.  Mot. at 2 (citing *Willnerd v. Sybase, Inc.*, 2010 WL 4736295, at *1 (D. Idaho Nov. 16, 2010)).  In *Willnerd*, while the case was in discovery, the plaintiff filed an amended complaint, adding a defamation claim.  The defendant moved to dismiss on the ground that the plaintiff had failed to plead the speaker and the challenged statements.  *See Willnerd v. Sybase, Inc.*, Case No. 09-cv-500-BLW, Dkt. 71 at 5 (D. Idaho Oct. 26, 2010).  The Court agreed, but gave plaintiff leave to amend, recognizing that "recently completed, or soon to be completed discovery" would likely fill in the gaps.  *See id.* at 9.  The Court emphasized that its decision was motivated by the "late stage" of the litigation and the fact that "but for" the defendant's failure to respond to a pending discovery request, the plaintiff could have previously amended his complaint to state a plausible defamation claim.  2010 WL 4736295, at *2.

Here, unlike in *Willnerd*, President Trump has no complaint that survived to an answer, and there has been no discovery at all.  In fact, President Trump had stipulated to deferring discovery until after the Court had decided the motion to dismiss. *See* Dkt. 28 (Order Adopting

---

[2] President Trump also cites to *Carroll v. TheStreet.com, Inc.,* 2012 WL 13134547 (S.D. Fla. May 25, 2012).  But *Caroll* did not involve a public figure plaintiff and thus did not turn on the actual malice standard.  *See id.* at *4 ("Since Carroll is neither a public official nor a public figure, the complaint need only establish that TheStreet was negligent.").

Joint Stipulation) at 2.  Now, turning logic on its head, President Trump seeks discovery *because* his complaint has been dismissed.  In short, because there is no active complaint and no pending discovery, the Idaho district court opinion in *Willnerd* does not provide any support for pre-amendment discovery here.

Ultimately, President Trump has not identified, and Defendants are not aware of, a single case that allows pre-amendment discovery on the question of actual malice to remedy a complaint that has already been dismissed as legally insufficient.  And what President Trump seeks here is not "limited discovery"; it is permission to take extensive, one-sided discovery of all Defendants and their newsgathering materials to determine whether he has a claim at all.  The Federal Rules do not countenance such an illogical process, and his request should be denied.

## III.     THERE IS NO GOOD CAUSE TO EXTEND THE AMENDMENT DEADLINE

Federal Rule of Civil Procedure 6(b)(1) provides that a court can only extend deadlines "for good cause."  Notably, President Trump does not even invoke that standard—let alone satisfy it.  *Cf. Est. of Mamiye v. ACE Ins. Co. of the Midwest*, 2023 WL 9228327, at *2 (S.D. Fla. Nov. 21, 2023) (explaining, "a request for extension of time must set forth good cause under Federal Rule of Civil Procedure 6(b)" and denying request where plaintiff "has not demonstrated good cause for said extension").

Because President Trump's pre-complaint discovery request is the only basis for the requested extension, and because that discovery request lacks any legal basis, no good cause exists for the extension requested here.  The extension request should, accordingly, be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny President Trump leave to conduct any pre-amendment discovery and deny the requested extension of the amended complaint deadline.

Dated: April 28, 2026

By: */s/ George S. LeMieux*

**GUNSTER, YOAKLEY & STEWART, P.A.**
George S. LeMieux
(Florida Bar No. 16403)
Eric C. Edison
(Florida Bar No. 010379)
Timothy J. McGinn
(Florida Bar No. 1000377)
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com
tmcginn@gunster.com

Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger*
Amanda B. Levine*
Meenakshi Krishnan*
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com
meenakshikrishnan@dwt.com

**DECHERT LLP**
Andrew J. Levander*
Steven A. Engel*
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.engel@dechert.com
*pro hac vice*

*Counsel for Defendants*