**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, | Case No.: 1:25-cv-23232-DPG |
| Plaintiff, | |
| v. | |
| DOW JONES & COMPANY, INC. d/b/a THE WALL STREET JOURNAL, a Delaware corporation, NEWS CORPORATION, a Delaware corporation, KEITH RUPERT MURDOCH, an individual, ROBERT THOMSON, an individual, KHADEEJA SAFDAR, an individual, and JOSEPH PALAZZOLO, an individual, Defendants. | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON ACTUAL MALICE AND EXTEND DEADLINE TO FILE AMENDED COMPLAINT**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his undersigned counsel, respectfully submits this Reply Memorandum of Law in Further Support of Plaintiff's Motion for Leave to Conduct Limited Discovery on Actual Malice and Extend Deadline to File Amended Complaint ("Motion"). In support, Plaintiff states as follows:

**SUMMARY OF REPLY**

Defendants' Dow Jones & Company, Inc. d/b/a The Wall Street Journal, News Corporation, Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo's ("Defendants") arguments in opposition to President Trump's Motion are unavailing and, for two reasons, the Court should not be persuaded by them.

*First*, Defendants concede that public-figure defamation plaintiffs face a high burden to allege actual malice. However, none of the cases relied on by Defendants to try to counter

Plaintiff's Motion concerned a cause of action for defamation by a public-figure plaintiff. Nor do any of the cases relied on by Defendants confirm that a public-figure-defamation plaintiff is barred from obtaining pre-complaint discovery. The unique status of being a public-figure-defamation plaintiff changes the analysis in favor of pre-complaint discovery and directly undermines Defendants' arguments.

*Second*, contrary to Defendants' assertion that President Trump's Motion is an "expansive, intrusive, and one-sided discovery" request, President Trump seeks narrow, targeted discovery limited to specific issues of actual malice that the Court focused on in its decision to dismiss the original Complaint without prejudice. Defendants have boasted, time and again, "We stand by the reliability, rigor, and accuracy of The Wall Street Journal's reporting."[1] Assuming that assertion is true, it is perplexing why Defendants are so vigorously contesting President Trump's Motion and are opposed to the very transparency they claim to champion.

**ARGUMENT**

**A. All of the cases supporting Defendants' procedural arguments are distinguishable**.

Wrongly contending that President Trump's Motion is procedurally improper, Defendants rely on general principles from other, factually distinguishable cases, hoping to extrapolate them to this action. That tactic fails.

*First*, Defendants rely on *Belik v. Carlson Travel Grp., Inc.,* 864 F. Supp. 2d 1302 (S.D. Fla. 2011), which concerned causes of action arising from theories of negligence, agency, and joint ventures. As to the proposition cited by Defendants, the request for pre-complaint discovery in *Belik* was made in an opposition to a motion to dismiss, not an affirmative motion. Such a request

---

[1] "Judge Dismisses Trump's Defamation Lawsuit Against WSJ Publisher" THE WALL STREET JOURNAL (April 13, 2026) (https://www.wsj.com/business/media/trump-lawsuit-murdoch-dow-jones-epstein-letter-7d925a4b).

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

was procedurally improper. *See Santana v. RCSH Operations, LLC*, 2011 WL 690174, at \*1 (S.D. Fla. Feb. 18, 2011) ("Plaintiff filed his Motion to Strike as part of his Response in Opposition to Defendant's Motion for Sanctions (DE 34); thereafter, the Clerk re-docketed the Motion as a separate docket entry (DE 43). In the future, Plaintiff shall not move the Court for affirmative relief in a response memorandum."); *see also Ireland v. Digitraidx, LLC*, 2025 WL 2719998, at \*10 (S.D. Fla. July 18, 2025) ("[T]his request for affirmative relief was improperly raised in a response memorandum."); *see also Est. of Diamond by Diamond v. ITM TwentyFirst Servs., LLC*, 2021 WL 7630484, at \*1, n.1 (S.D. Fla. June 17, 2021) ("not[ing] that [a party]'s [c]ross-[m]otion raised in the context of its [r]esponse [was] procedurally improper, as '[a] request for a court order must be made by motion,' not in a response memorandum to an opposing party's motion" (quoting Fed. R. Civ. P. 7(b)(1)).

Not only is *Belik* procedurally distinguishable, but it is also substantively distinguishable. *Belik* found that the discovery request was improper because there was "no factual support demonstrating the above-cited five elements" to state a claim for a joint venture. *Belik*, 864 F. Supp. 2d at 1313. Here, however, the Court has already declared that "whether President Trump was the author of the Letter or Epstein's friend" is a "question[] of fact that cannot be determined at this stage of the litigation." ECF No. 59, § (III)(B)(1). Moreover, the plain language of the Article[2] leaves several questions unanswered: how the alleged letter was prepared, who drafted the contents of the alleged letter, how Defendants attempted to verify that it was, as they claim, Plaintiff's signature on the alleged letter, how Defendants obtained a copy of the alleged letter, or

---

[2] "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a 50th Birthday Album. One Was From Donald Trump" THE WALL STREET JOURNAL (July 17, 2025) (https://www.wsj.com/politics/trump-jeffrey-epstein-birthday-letter-we-have-certain-things-in-common-f918d796).

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

why Defendants chose not to publish the alleged letter despite claiming that they reviewed it. *See generally* ECF No. 35-2. Thus, *Belik* is markedly different from this action.

*Second*, Defendants try to rely heavily on *Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, 2011 WL 13100214, at *1 (S.D. Fla. Aug. 9, 2011). However, there are links in the chain that Defendants cannot connect to tie *Sovereign Bonds* to this action. Initially, the discovery sought in *Sovereign Bonds* was intended to address the Court's subject-matter jurisdiction, which is not at issue in this action. *Id*. at *1 ("In that Order, the Court determined it lacks subject-matter jurisdiction over 'East German' bonds (*id.* 12–13), and that Sovereign has failed to plead an essential element with respect to the 'West German' bonds—that the bonds have been validated (*id.* 15–18)."). Moreover, the plaintiff in *Sovereign Bonds* conceded that "it cannot properly amend the Complaint without certain information that only Germany possesses." *Id.*, at *1. President Trump has not made any such concession here. *See* ECF No. 60. Tellingly, *Sovereign Bonds* does not concern a defamation claim brought by a public-figure-defamation plaintiff. Therefore, it is entirely inapplicable to this action.

*Finally*, Defendants attempt to rely on *Christie v. Royal Caribbean Cruises, Ltd.,* 497 F. Supp. 3d 1227, 1237 (S.D. Fla. 2020) for the identical proposition as *Belik* and *Sovereign Bonds*. Like those cases, however, *Christie* did not concern a public-figure-defamation plaintiff. Instead, it concerned a request for leave to conduct discovery to file an amended complaint for claims relating to "'negligent hiring, selection, retention, monitoring and training with the benefit of [Royal Caribbean's] employment files for the medical staff at issue.' (ECF No. 23 at 6)." As Defendants concede, public-figure-defamation plaintiffs are subject to a much different pleading standard, which was not applicable in *Christie*.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**B. Defendants' reliance on *Biro* and *Schatz* supports President Trump's position.**

Defendants' reliance on *Biro v. Conde Nast*, 807 F.3d 541 (2d Cir. 2015) and *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50 (1st Cir. 2012) further justifies President Trump's Motion. In *Biro*, the Second Circuit emphasized that "'[a]lthough actual malice is subjective, a court typically will infer actual malice from objective facts,' understanding that a defendant in a defamation action will rarely admit that he published the relevant statements with actual malice." *See Biro*, 807 F.3d at 545 (quoting *Celle v. Filipino Reporter Enters. Inc.,* 209 F.3d 163, 183 (2d Cir. 2000)). Defendants attempt to rely on *Schatz* for the proposition that a public-figure defamation plaintiff cannot obtain discovery unless there is a plausible basis to infer that Defendants acted with actual malice. *See Schatz*, 669 F.3d at 56; *see also* ECF No. 62, p. 4. Such a basis exists here in spades.

Here, there are objective facts from the plain language of the Article that plausibly infer Defendants published the false and defamatory statements therein with actual malice. Initially, Defendants state in the Article that the alleged letter was "From Donald Trump." ECF No. 35-2. Then, a few paragraphs later, Defendants change course, stating that the alleged letter only "bear[s] Trump's name[.]" *Id*. A few lines later, Defendants change position *again*, now claiming that the alleged letter bears "the future president's signature[.]" *Id*. Although Defendants included denials by President Trump regarding "writing the letter or drawing the picture," the Article is silent on any denials regarding his signature. *See generally id*. Notably, the Article tries to qualify that it "isn't clear how the letter with Trump's signature was prepared." *Id*. However, the Article nevertheless states as fact—in two separate statements—that President Trump signed the alleged letter. *See id*. Objectively, the Article does not explain how Defendants verified that President Trump signed the alleged letter. These critical omissions underscore Defendants' actual malice

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

and demonstrate why President Trump's targeted requests for discovery are proper. *See* ECF No. 60, § B, p. 7.

### C.  *Willnerd* directly supports President Trump's request.

Defendants' statement that there is "not a shred of precedent supporting President Trump's request" is directly belied by *Willnerd v. Sybase, Inc.,* 2010 WL 4736295, at *1 (D. Idaho Nov. 16, 2010). Despite Defendants' flailing legal gymnastics, they fail to distinguish *Willnerd*, which is in the same procedural posture as to the defamation claims:

> In Willnerd's First Amended Complaint (Dkt.26), he asserted **for the first time**, a claim for defamation. The Court recently granted Sybase's Motion to Dismiss the defamation claim (Dkt.27), but granted Willnerd's Motion for Leave to Amend the claim (Dkt.40). *See Order,* Dkt. 71. The Court's decision was premised on its understanding that recently, or soon to be completed discovery had yielded or would soon yield the information needed to provide the detail necessary to allow Willnerd to amend his defamation claim.

*Id*. at *1 (emphasis added).

Although Defendants claim that the Court should not consider *Willnerd* because the holding was premised on "recently completed, or soon to be completed discovery," Defendants omit that none of that discovery concerned any issues relating to the public-figure-plaintiff's newly asserted claim for defamation. *See id*. Indeed, *Willnerd* specifically held that "responses to Request No. 48 might support Willnerd's defamation claim so as to survive dismissal." *Id*. at *1. As a result, *Willnerd* imposed "tight restrictions on the scope of discovery pertaining to the defamation claim," found that "allowing discovery prior to the deadline for Willnerd's amended complaint is appropriate[,]" and reasoned that "[b]y directing discovery to proceed, Willnerd may determine— based on the discovery provided—that he will not file an amended complaint, thus circumventing the need for Sybase to move to dismiss it." *Id.* at *2. Thus, President Trump's targeted request for

discovery limited to the issue of actual malice is directly supported by *Willnerd*. *See* ECF No. 60, § B, p. 7.

## CONCLUSION

For these reasons, President Trump has demonstrated that good cause exists to allow a reasonable time to conduct targeted discovery limited to disputed issues of actual malice, and extend the deadline for President Trump to file his First Amended Complaint.

**WHEREFORE**, Plaintiff President Donald J. Trump respectfully requests that the Court grant Plaintiff's Motion, grant Plaintiff leave to conduct discovery on the issues identified in section B of this Motion, extend Plaintiff's deadline to file his Amended Complaint until June 26, 2026, and award any other relief the Court deems proper.

Date: May 5, 2026                                      Respectfully submitted,

                                                       **BRITO, PLLC**
                                                       2121 Ponce de Leon Boulevard
                                                       Suite 650
                                                       Coral Gables, FL 33134
                                                       Office: 305-614-4071
                                                       Fax: 305-440-4385

                                                       By: /s/ *Alejandro Brito*
                                                       **ALEJANDRO BRITO**
                                                       Florida Bar No. 098442
                                                       Primary: abrito@britopllc.com
                                                       Secondary: apiriou@britopllc.com
                                                       **IAN MICHAEL CORP**
                                                       Florida Bar No. 1010943
                                                       Primary: icorp@britopllc.com

                                                       *Counsel for Plaintiff*
                                                       *President Donald J. Trump*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on May 5, 2026, through the United States District Court for the Southern District of Florida's CM/ECF electronic filing system upon:

George S. Lemieux, Esq.
Timothy J. McGinn, Esq.
Eric C. Edison, Esq.
Gunster, Yoakley & Stewart, P.A.
450 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
glemieux@gunster.com
tmcginn@gunster.com
eedison@gunster.com
dpeterson@gunster.com
pholness@gunster.com
mzayas@gunster.com
eservice@gunster.com

Katherine M. Bolger, Esq.
Davis Wright Tremaine, LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020-1104
katebolger@dwt.com
nycdocket@dwt.com

*Counsel for Defendants Dow Jones & Company, Inc.*
*d/b/a The Wall Street Journal, News Corporation,*
*Keith Rupert Murdoch, Robert Thomson,*
*Khadeeja Safdar, and Joseph Palazzolo*

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071