**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-23232-GAYLES**

**PRESIDENT DONALD J. TRUMP,**

     **Plaintiff,**

**v.**

**DOW JONES & COMPANY, INC.**
**d/b/a THE WALL STREET JOURNAL,**
**NEWS CORPORATION, KEITH RUPERT**
**MURDOCH, ROBERT THOMSON,**
**KHADEEJA SAFDAR, and JOSEPH**
**PALAZZOLO,**

     **Defendants.**

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court on Plaintiff's Motion for Leave to Conduct Limited

Discovery on Actual Malice and Extend Deadline to File Amended Complaint (the "Motion"). [ECF

No. 60]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the

following reasons, the Motion is granted in part and denied in part.

**I.      BACKGROUND**

On July 18, 2025, President Donald J. Trump filed his Complaint against Defendants Dow

Jones & Company, Inc. d/b/a the Wall Street Journal ("Dow Jones"), News Corporation, Keith

Rupert Murdoch ("Murdoch"), Robert Thomson ("Thomson"), and journalists Khadeeja Safdar

("Safdar") and Joseph Palazzolo ("Palazzolo") (collectively, the "Defendants") for defamation

based on an article in the *Wall Street Journal* ("WSJ") linking President Trump to convicted sex

offender Jeffrey Epstein. [ECF No. 1]. On April 13, 2026, on Defendants' motion, the Court

dismissed the Complaint without prejudice based on President Trump's failure to plausibly allege

that Defendants acted with actual malice (the "Dismissal Order").[1] [ECF No. 59]. The Court gave President Trump until April 27, 2026, to file an Amended Complaint. *Id.*

On April 14, 2026, President Trump filed the Motion, requesting leave to conduct limited discovery on (1) "[h]ow each Defendant acted with actual malice"; (2) "[h]ow Defendants purposefully avoided the truth of the statements at issue"; and (3) "[h]ow Defendants allegedly obtained the letter and supposedly verified its contents, including Plaintiff's signature." [ECF No. 60].[2] Defendants filed a response in opposition to the Motion, [ECF No. 62], and President Trump filed a reply, [ECF No. 63].

## II.      DISCUSSION

Dismissing President Trump's Complaint, the Court found that he failed to plausibly allege that Defendants acted with actual malice. [ECF No. 59]. Now, without an operative complaint, President Trump seeks discovery to help him properly plead his claims. But this is improper. "As the Supreme Court has noted, . . . the doors of discovery do not unlock for a plaintiff armed with nothing more than conclusions." *Carter v. DeKalb Cty, Ga.,* 521 F. App'x 725, 728 (11th Cir. 2013) (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "Rather, discovery *follows* 'the filing of a well-pleaded complaint. [Surely,] [i]t is not a device to enable the plaintiff," like President Trump here, "to make a case when his complaint has failed to state a claim.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)) (emphasis in original).

Moreover, President Trump's request to conduct discovery on issues related to actual malice before filing a well-pleaded complaint contravenes the purpose behind the actual malice

---

[1] In addition, the Court found President Trump's defamation *per quod* claim subject to dismissal for failure to allege special damages. [ECF No. 59].

[2] President Trump also requested an extension of time to file an amended complaint. [ECF No. 60]. On April 23, 2026, the Court stayed the deadline for President Trump to file an amended complaint until it rules on the Motion. [ECF No. 61].

standard. As detailed in the Dismissal Order, in defamation cases involving a public figure plaintiff:

> [T]here is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending expensive yet groundless litigation. Indeed, the actual malice standard was designed to allow publishers the "breathing space" needed to ensure robust reporting on public figures and events. Forcing publishers to defend inappropriate suits through expensive discovery proceedings in all cases would constrict that breathing space in exactly the manner the actual malice standard was intended to prevent. The costs and efforts required to defend a lawsuit through that stage of litigation could chill free speech nearly as effectively as the absence of the actual malice standard altogether.

*Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (quoting *New York Times v. Sullivan*, 376 U.S. 254, 271-72 (1964). Thus, allowing President Trump to conduct discovery on actual malice, where his initial attempt at pleading a defamation claim fell short, is exactly the type of "expensive yet groundless litigation" the Eleventh Circuit has cautioned against. *See id*. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Motion for Leave to Conduct Limited Discovery on Actual Malice and Extend Deadline to File Amended Complaint, [ECF No. 60], is **GRANTED in part and DENIED in part**.

2.   President Trump's request for leave to conduct limited discovery on actual malice is **DENIED**.

3.   President Trump's request to extend the deadline to file an Amended Complaint is **GRANTED**. President Trump shall file an Amended Complaint on or before May 27, 2026.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of May, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE