**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOW JONES & COMPANY, INC. d/b/a THE WALL STREET JOURNAL, a Delaware corporation, NEWS CORPORATION, a Delaware corporation, KEITH RUPERT MURDOCH, an individual, ROBERT THOMSON, an individual, KHADEEJA SAFDAR, an individual, JOSEPH PALAZZOLO, an individual,<br><br>Defendants. | Case No.: 1:25-cv-23232-DPG<br><br>**FIRST AMENDED COMPLAINT AND** <u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his counsel, sues Defendants, Dow Jones & Company, Inc. d/b/a The Wall Street Journal ("Dow Jones"), News Corporation ("News Corp"), Keith Rupert Murdoch ("Murdoch"), Robert Thomson ("Thomson"), Khadeeja Safdar ("Safdar"), and Joseph Palazzolo ("Palazzolo") (together, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

"Grounded in facts, shaped by experience, and defined by editorial standards that don't waver." Dow Jones & Company, Inc.—the publisher of The Wall Street Journal newspaper— proudly proclaims this maxim across the banner of its website, holding itself out to the world as an honest and forthcoming broker of newsworthy material. Yet, Defendants' malicious, deliberate, and despicable actions that give rise to this action show plainly that they do not practice what they preach.

On July 17, 2025, Defendants Khadeeja Safdar and Joseph Palazzolo co-authored an article (the "Article") largely focused on President Trump that falsely claimed that he authored, drew, and signed a card to wish the late—and utterly disgraced—Jeffrey Epstein ("Epstein") a happy fiftieth birthday. To attempt and inextricably link President Trump to Epstein, Defendants Safdar and Palazzolo falsely and maliciously claim that the salacious language of the letter is contained within a hand-drawn naked woman, which was created with a heavy marker. Worse, Defendants Safdar and Palazzolo falsely represent *as fact* that President Trump drew the naked woman's breasts and signed his name "Donald" below her waist, "mimicking pubic hair."

Perplexingly, however, the "letter" is a "typewritten note styled as an imaginary conversation between Trump and Epstein, written in the third person." Indeed, Defendants Safdar and Palazzolo provide a series of quotes from the nonexistent letter, claiming that the letter was written in third person, beginning with a voice over interluding a conversation, followed by a purported dialogue between President Trump and Epstein—as if they were characters in a play.

On the one hand, Defendants Safdar and Palazzolo falsely pass off *as fact* that President Trump, in 2003, wrote, drew, and signed this letter. However, on the other hand, Defendants Safdar and Palazzolo failed to attach the supposed letter, failed to attach the alleged drawing, failed to show proof that President Trump authored or signed any such letter, and failed to explain how this purported letter was obtained. The reason for those failures is that Defendants did not have access to any such letter when the Article was published, which is a fact because no authentic letter or drawing exists. Defendants Safdar and Palazzolo concocted this story to malign President Trump's character and integrity, and to deceptively portray him in a false light. Defendants Safdar and Palazzolo had access to two individuals who could provide information about the (lack of) veracity and authenticity of the card, President Trump and Ghislaine Maxwell, and either intentionally

2

ignored the information received from them which disproved the statements made in the Article, or Defendants Safdar and Palazzolo deliberately avoided engaging in the investigation necessary to try and substantiate the statements in the Article, which would have failed.

Despite the glaring failures in journalistic ethics and standards of accurate reporting, Defendants Dow Jones and News Corp—at the direction of Defendants Murdoch and Thomson—published to the world the false, defamatory, and malicious statements authored by Defendants Safdar and Palazzolo. Tens of millions of people have already viewed the false and defamatory statements published by Defendants. Further, given the timing of the Defendants' Article, which shows their malicious intent behind it, the overwhelming financial and reputational harm suffered by President Trump will continue to multiply.

## PARTIES

1.      Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") is a private citizen of the United States, a resident of the state of Florida, and the 45th and 47th President of the United States of America.

2.      Defendant Dow Jones & Company, Inc. ("Dow Jones") is a Delaware corporation with its principal place of business in New York, New York. Dow Jones publishes The Wall Street Journal, which is a registered trademark owned by Dow Jones encompassing the newspaper that knowingly and recklessly published the numerous false, defamatory, and disparaging statements contained in the Article.

3.      Defendant News Corporation ("News Corp") is a Delaware corporation with its principal place of business in New York, New York. News Corp is a holding company that wholly owns Dow Jones and oversees its corporate governance.

4.      Defendant Keith Rupert Murdoch ("Murdoch") is a natural person over the age of

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

eighteen and, upon information and belief, is a resident of New York, New York. Murdoch is a director and majority owner of News Corp.

5.      Defendant Robert Thomson ("Thomson") is a natural person over the age of eighteen and, upon information and belief, is a resident of New York, New York. Thomson is the Chief Executive Officer of News Corp.

6.      Defendant Khadeeja Safdar ("Safdar") is a natural person over the age of eighteen and, upon information and belief, is a resident of New York, New York. Safdar is a co-author of the numerous false, defamatory, and disparaging statements contained in the below-defined article.

7.      Defendant Joseph Palazzolo ("Palazzolo") is a natural person over the age of eighteen and, upon information and belief, is a resident of New York, New York. Palazzolo is a co-author of the numerous false, defamatory, and disparaging statements contained in the below-defined article.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the parties are diverse, and the amount in controversy is greater than $75,000.00.

9.      The Court possesses personal jurisdiction over Defendants Dow Jones and News Corp pursuant to Florida Statute § 48.193(2) on the grounds that, during the operative period alleged in the Complaint, they engaged in substantial and not isolated business activities in Florida, and more specifically in this District. By way of illustration, Defendants Dow Jones and News Corp publish the Wall Street Journal for daily circulation throughout Florida and in this District. Moreover, Defendants Dow Jones and News Corp publish online news reports at www.wsj.com.

10.     In addition, this Court possesses personal jurisdiction over Defendants pursuant to:

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

a. Florida Statute § 48.193(1)(a)(1) because Defendants Dow Jones and News Corp operate, conduct, engage in, or carry on a business in this state or have an office or agency in this state;

b. Florida Statute § 48.193(1)(a)(2) on the grounds that all Defendants committed a tortious act in this state (as alleged in this Complaint); and

c. Florida Statute § 48.193(1)(a)(6) on the grounds that Defendants caused injury to Plaintiff within this state arising out of an act or omission by Defendants outside this state, while at or about the time of the injury, products, materials, or things processed, serviced, or manufactured by Defendants were used or consumed within this state in the ordinary course of commerce, trade, or use.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District by virtue of the transmission and publication of the false, malicious, and defamatory statements in this district (and elsewhere), as well as because Defendants are subject to this Court's personal jurisdiction with respect to this action.

## STATEMENT OF FACTS

### A. The Article.

12. On July 15, 2025, Palazzolo sent an email to White House Press Secretary Karoline Leavitt ("Leavitt") advising of Dow Jones' intent to publish an article that focused on a purported letter sent by President Trump to Epstein commemorating Epstein's fiftieth birthday.

13. Shortly after receiving the email, Leavitt called Palazzolo in order to explain to him that the subject matter of the article that he intended to publish was false.

5

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

14. That same afternoon, counsel for President Trump sent an email to Palazzolo advising him that the intended article was false, malicious, and defamatory in claiming that President Trump authored the purported letter, which he did not, and further warned Dow Jones to cease and desist from publishing, disseminating, or otherwise distributing such information, because it was false, malicious, and defamatory.

15. None of the Defendants responded to the email sent by President Trump's counsel.

16. That same day, President Trump spoke to Murdoch by telephone and told him that the premise of the article was categorically false, and that he had not signed or sent a letter to Epstein for Epstein's fiftieth birthday.

17. In response, Murdoch stated, "I will handle it," which President Trump reasonably interpreted as meaning that Murdoch believed President Trump, and that the article would not be published.

18. Nevertheless, on July 17, 2025, Defendants Dow Jones and News Corp published the Article, which was authored by Defendants Safdar and Palazzolo, and titled "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a fiftieth Birthday Album. One was from Donald Trump."

19. The Article was published on the Wall Street Journal website as an exclusive.[1]

20. Therein, Defendants Safdar, Palazzolo, Dow Jones, and News Corp falsely and maliciously stated that President Trump authored, drew, and signed a letter wishing Epstein a happy fiftieth birthday.

21. Defendants Safdar, Palazzolo, Dow Jones, and News Corp elaborated on their unsubstantiated and disparaging claims against President Trump by claiming that he drew an

---

[1] "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a 50th Birthday Album. One was from Donald Trump" WALL STREET JOURNAL (July 17, 2025) (https://www.wsj.com/politics/trump-jeffrey-epstein-birthday-letter-we-have-certain-things-in-common-f918d796?mod=hp_lead_pos7).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

outline of a naked woman, drew breasts on her, and signed his name below her waist "mimicking pubic hair."

22.     Next, Defendants Safdar, Palazzolo, Dow Jones, and News Corp further maligned President Trump by falsely contending that inside of the naked woman that he allegedly drew lies a "typewritten note styled as an imaginary conversation between Trump and Epstein, written in the third person."

23.     This is the entirety of that "imaginary conversation":

"Voice Over: There must be more to life than having everything," the note began.

*Donald: Yes, there is, but I won't tell you what it is.*

*Jeffrey: Nor will I, since I also know what it is.*

*Donald: We have certain things in common, Jeffrey.*

*Jeffrey: Yes, we do, come to think of it.*

*Donald: Enigmas never age, have you noticed that?*

*Jeffrey: As a matter of fact, it was clear to me the last time I saw you.*

*Donald: A pal is a wonderful thing. Happy Birthday — and may every day be another wonderful secret.*

24.     Despite these unsubstantiated claims, however, the Article does not attach the purported letter, does not identify the purported drawing, nor does it show any proof that President Trump had anything to do with it, which he did not.

25.     Tellingly, the Article does not explain if or how Defendants Safdar, Palazzolo, Dow Jones, and News Corp even obtained a copy of the supposed letter. That is the case because they never obtained such a copy of the nonexistent letter.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

26.     Moreover, Defendants Safdar, Palazzolo, Dow Jones, and News Corp failed to engage in even the most basic investigative efforts before publishing the Article.

27.     Namely, if Defendants Safdar, Palazzolo, Dow Jones, and News Corp wanted to verify any information pertaining to the purported letter, it stands to reason that four people could verify the most fundamental questions that a reasonable person would have about the letter, such as the existence and legitimacy of the letter, whether it was actually received at the time of Epstein's fiftieth birthday, who delivered the letter to Epstein, and whether the letter came from Plaintiff.

28.     Those four people were: (a) Plaintiff, (b) Epstein, (c) Herbert Weitz ("Weitz"), and (d) Ghislaine Maxwell ("Maxwell").

29.     According to the Article, Weitz was a New York City bookbinder who purportedly put the book containing the birthday letters together.

30.     Weitz died in 2020, thereby eliminating him as someone who Defendants Safdar, Palazzolo, Dow Jones, and News Corp could have interviewed or consulted in verifying any information relating to the birthday card.

31.     Maxwell, according to the Article, "collected letters from Trump and dozens of Epstein's other associates for a 2003 birthday album…"

32.     Defendants Safdar, Palazzolo, Dow Jones, and News Corp either interviewed or consulted with Maxwell about the birthday card and intentionally failed to report what she told them (which is that she had no recollection that Plaintiff signed and delivered a birthday card), or simply avoided and ignored communicating with her about the false, malicious, and defamatory statements that they ultimately published, despite their professed knowledge of Maxwell's involvement in collecting the letters "from Trump and dozens of Epstein's other associates."

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

33.     Indeed, Maxwell has stated, subject to penalty of perjury for lying to a federal officer, that she did not remember President Trump submitting a letter for Epstein's 50th birthday.[2]

34.      Of the two surviving individuals who could substantiate whether President Trump had submitted a birthday letter, one person, President Trump, vehemently denied the existence of the alleged letter, and the other person has testified to a federal official that she had no knowledge of it.

35.     Defendants Safdar, Palazzolo, Dow Jones, and News Corp either knew these facts, or deliberately avoided investigating such information, while nevertheless publishing the false, malicious, and defamatory Article.

36.     The express language of the Article makes a feeble, passing attempt to disguise what Defendants Safdar, Palazzolo, Dow Jones, and News Corp actually knew or intentionally chose to ignore.

37.     On the one hand, the Article states "It isn't clear how the letter with Trump's signature was prepared." Yet, on the other hand, the Defendants pass off the false, defamatory, disparaging, and inflammatory statements in the Article as fact, claiming, without substantiation, that President Trump is a "friend," "pal," or "family" of Epstein.

38.     Indeed, the Article contains the following false statements that are defamatory *per se*:

     a.  "***The letter bearing Trump's name***, which was reviewed by the Journal, ***is bawdy***—like others in the album. It contains several lines of typewritten text framed by the ***outline of a naked woman***, which appears to be ***hand-drawn***

---

[2] "Interview of: Ghislaine Maxwell" UNITED STATES DEPARTMENT OF JUSTICE (July 24, 2025) (177:3-180:5) (https://www.justice.gov/storage/audio-files/Interview%20Transcript/Interview%20Transcript%20-%20Maxwell%202025.07.24%20(Redacted).pdf).

9

with a heavy marker. *A pair of small arcs denotes the woman's breasts*, *and the future president's signature is a squiggly "Donald" below her waist, mimicking pubic hair*."

b. "It isn't clear how the **letter with Trump's signature** was prepared. Inside the outline of the naked woman was a typewritten note styled as an **imaginary conversation between Trump and Epstein**, written in the third person."

c. "Voice Over: There must be more to life than having everything," the note began. *Donald: Yes, there is, but I won't tell you what it is. Jeffrey: Nor will I, since I also know what it is. Donald: We have certain things in common, Jeffrey. Jeffrey: Yes, we do, come to think of it. Donald: Enigmas never age, have you noticed that? Jeffrey: As a matter of fact, it was clear to me the last time I saw you. Donald: A pal is a wonderful thing. Happy Birthday — and **may every day be another wonderful secret**."

39.   The Article also contains the following statements that are implicitly defamatory:

a. "**Jeffrey Epstein's Friends Sent Him Bawdy Letters for a fiftieth Birthday Album**. **One Was From Donald Trump**."

b. "It was Jeffrey Epstein's fiftieth birthday, and Ghislaine Maxwell was preparing a special gift to mark the occasion. **She turned to Epstein's family and friends. One of them was Donald Trump**."

c. "The album had poems, photos and greetings from businesspeople, academics, Epstein's former girlfriends and **childhood pals**, according to the documents reviewed by the Journal and people familiar with them."

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

    d.  "When he turned 50, Epstein was already wealthy from managing Wexner's fortune and was ***socializing with Trump***, Clinton and other powerful people. ***He often entertained at his Manhattan townhouse, Palm Beach, Fla., home and private Caribbean island***."

40.    The statements identified in paragraphs 38 and 39 shall be referred to as the "Defamatory Statements."

**B. The Defamatory Statements are False**.

41.    There are multiple reasons why the Defamatory Statements are false.

42.    *First*, the alleged letter was not authored by President Trump, nor did he direct that someone author the alleged letter on his behalf.

43.    *Second*, the alleged letter is not signed by President Trump.

44.    *Third*, President Trump has never made any of the statements in the alleged voiceover that appeared in the alleged letter.

45.    *Fourth,* President Trump never dictated to anyone any of the statements in the alleged voiceover that appeared in the alleged letter.

46.    *Fifth,* President Trump never had any such conversation with Epstein as is falsely portrayed in the alleged letter.

47.    *Sixth*, President Trump was not "childhood pals" with Epstein. To the contrary, they met in the 1980s, had a handful of interactions at public social events, and in 2004, as is widely reported, President Trump ended any interaction with Epstein.

48.    *Seventh*, the tone, cadence, and vocabulary used in the alleged voiceover are wholly inconsistent with President Trump's character and personality.

49.    *Finally*, President Trump did not draw any portion of the alleged letter.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**C. Defendants Published the Defamatory Statements with Actual Malice**.

50.     Despite the clear journalistic failures of the due diligence and accuracy of the Article, Defendants Dow Jones and News Corp—at the direction of Murdoch and Thomson—published the Article to tens of millions of people worldwide.

51.     At the time of publication, Defendants recklessly disregarded whether the Defamatory Statements were true and/or they purposefully avoided the discovery of the truth.

52.     Defendants Safdar, Palazzolo, Dow Jones, and News Corp's actual malice is underscored by the glaring omissions in the Article.

53.     Indeed, the Article lacks any objective facts that explain:

   a.   How Defendants Safdar, Palazzolo, Dow Jones, and News Corp obtained a copy of the alleged letter;

   b.   How the alleged voice over in the alleged letter was typewritten;

   c.   Why the alleged voice over was typewritten;

   d.   Who supposedly typed the alleged voiceover;

   e.   How the voice over was confirmed to be in the third person;

   f.   How the contents of the alleged letter were purportedly verified, if at all;

   g.   How the signature on the alleged letter was verified;

   h.   The steps that Defendants Safdar, Palazzolo, Dow Jones, and News Corp supposedly took to verify that the alleged letter was signed by President Trump, which never happened; or

   i.   Why Defendants chose not to publish the alleged letter in the Article.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

54.     The omission of these objective facts underscores that Defendants Safdar, Palazzolo, Dow Jones, and News Corp recklessly disregarded whether the Defamatory Statements were true.

55.     In addition, Defendants' actual malice is demonstrated by their failure to either include what Maxwell told them in their interview or consultation with her, or the intentional refusal to interview Maxwell during Defendants' newsgathering process.

56.     Defendants' failure to disclose what Maxwell told them, or refusal to speak with Maxwell about the alleged letter, plausibly infers that Defendants purposefully avoided whether the Defamatory Statements were true.

57.     Further evidence of Defendants' actual malice is the intentional omission of the denial from President Trump regarding whether he signed the alleged letter or whether the signature on the alleged letter is authentic.

58.     Notably, the Article claims that "It isn't clear how the letter with Trump's signature was prepared."

59.     Upon further analysis, it is evident that Defendants do not include any denial from President Trump as to whether he signed the letter—the Defendants falsely, maliciously, and defamatorily state as fact that regardless of how the alleged letter was prepared, it nonetheless contains President Trump's authentic signature.

60.     That glaring omission undercuts the value of President Trump's denials when those are measured against the Defendants' calculated and deliberate attacks against President Trump in order to wrongly represent to the public as fact that he signed the alleged letter, which he did not do.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

61.     The omission of any denials from President Trump regarding whether he signed the letter further shows that Defendants Safdar, Palazzolo, Dow Jones, and News Corp published the Defamatory Statements with actual malice.

62.     Defendants' actual malice is further demonstrated by another article that they published the same day that the alleged letter was made public by Congress: "A Visual Breakdown of the Trump Birthday Letter to Epstein" (the "Analysis").[3]

63.     In the Analysis, Defendants Safdar, Palazzolo, Dow Jones, and News Corp attempt to whitewash their journalistic shortcomings.

64.     The Analysis wrongly claims that the alleged 2003 letter contains President Trump's signature.

65.     However, the Analysis does include a photograph that Defendants Safdar, Palazzolo, Dow Jones, and News Corp claim to contain President Trump's signature from 2004:

66.     Defendants' own reporting confirms that the two signatures, from paragraphs 64 and 65, could not be more different.

67.     The remainder of the Analysis is a series of statements that President Trump previously made—all predating the Article—to give the false impression that it was President Trump who authored, typed, and signed the alleged letter.

---

[3] "A Visual Breakdown of the Trump Birthday Letter to Epstein" THE WALL STREET JOURNAL (September 8, 2025) (https://www.wsj.com/us-news/law/trump-jeffrey-epstein-letter-birthday-book-analysis-0bbeeaf6).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

68.     Unsurprisingly, Defendants' Analysis falls woefully short of confirming that the alleged letter is authentic, that it was typed or dictated by President Trump, or signed by him.

69.     Worse, Defendants had all the information in the Analysis available to them at the time the Defamatory Statements in the Article were published.

70.     Accordingly, Defendants should have included this paltry Analysis at the time of publication—when actual malice is measured—not almost two months afterward.

71.     Defendants' deliberate and calculated decision not to publish the purported letter—despite claiming that it was in their possession following their review—until after Congress published it, and then attempt to justify the Defamatory Statements in the Article nearly two months after publication—lends further credibility to the fact that Defendants purposefully avoided answering the key questions of whether the Defamatory Statements were true.

72.     It is also clear that the Defendants did not actually have any alleged letter in their possession when they published the Article, and instead that they simply "reviewed" a letter[4], which equally demonstrates the Defendants' actual malice in publishing the Defamatory Statements.

73.     The actual malice exhibited by Defendants Safdar and Palazzolo is attributable to Defendants Dow Jones and News Corp because Defendants Safdar and Palazzolo were acting within the course and scope of their employment when they authored and published the Defamatory Statements.

---

[4] "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a 50th Birthday Album. One was from Donald Trump" WALL STREET JOURNAL (July 17, 2025) (https://www.wsj.com/politics/trump-jeffrey-epstein-birthday-letter-we-have-certain-things-in-common-f918d796?mod=hp_lead_pos7) ("The letter bearing Trump's name, which was reviewed by the Journal, is bawdy…").

74.     The actual malice exhibited by Defendants Safdar, Palazzolo, Thomson, Dow Jones, and News Corp is attributable to Murdoch because he owned and controlled Dow Jones and News Corp, both of which employed Defendants Safdar and Palazzolo, who were collectively acting to further the interests of Defendants Dow Jones, News Corp, and Murdoch.

75.     Murdoch's actual malice is further exhibited by the fact that he spoke with President Trump immediately before the Article was published, was told by President Trump himself that the alleged letter was fake, and nevertheless, Murdoch allowed that Dow Jones and News Corp to publish the Article.

**D.  The Article goes Viral**.

76.     Despite the clear journalistic failures of due diligence and accuracy of the Article, Dow Jones—at the direction of its director and majority owner Murdoch—and News Corp—at the direction of its CEO Thomson—published the Article to hundreds of millions of people.

77.     Within hours of its publication, the Article went viral on social media.

78.     The Article was also widely republished and discussed on the internet's watering hole: X.com.

79.     The Wall Street Journal amplified engagement of the Article by republishing it on its X account—to all 20,800,000 of its followers.[5] Shortly after publication, the post received over 5,400,000 impressions. *See* ECF No. 1. To date, that post has received over 7,400,000 impressions.

80.     To further exacerbate this already caustic situation, The Wall Street Journal also placed the Article on the front page of its July 18, 2025, newspaper.[6]

---

[5] https://x.com/WSJ/status/1945979106480316636 WALL STREET JOURNAL @WSJ (last visited May 27, 2026).

[6] https://x.com/WSJ/status/1946064934359433300 WALL STREET JOURNAL @WSJ (last visited May 27, 2026).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

81.     The Lincoln Project, a known anti-Trump organization, republished the Article to all 2,800,000 of its followers.[7] As of this writing, that post has received over 539,000 impressions.

82.     Collin Rugg, a journalist with over 1,800,000 followers on X.com, republished several of the false and defamatory statements contained in the Article.[8] To date, that post has received over 3,800,000 impressions.

83.     Keith Olbermann, a podcaster with over 900,000 followers on X.com, republished several of the false and defamatory statements contained in the Article.[9] To date, that post has received over 207,600 impressions.

84.     Ken Klippenstein, an independent influencer with over 543,000 followers on X.com, republished the headline and several false and defamatory statements from the Article.[10] To date, his republication has received over 1,100,000 impressions.

85.     Seth Abramson republished the Article in its entirety to his over 829,800 followers on X.com.[11] Thus far, his post has received over 3,300,000 impressions.

---

[7] https://x.com/ProjectLincoln/status/1945987811812741455 THE LINCOLN PROJECT @PROJECTLINCOLN (last visited May 27, 2026).

[8] https://x.com/CollinRugg/status/1945984541266702745 COLLIN RUGG @COLLINRUGG (last visited May 27, 2026).

[9] https://x.com/KeithOlbermann/status/1945984602612310262 KEITH OLBERMANN @KEITHOLBERMANN (last visited May 27, 2026).

[10] https://x.com/kenklippenstein/status/1945981689970266505 KEN KLIPPENSTEIN @KENKLIPPENSTEIN (last visited May 27, 2026).

[11] https://x.com/SethAbramson/status/1945990177920373225 SETH ABRAMSON @SETHABRAMSON (last visited on May 27, 2026).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

86.     In addition, CNN,[12] MSNBC,[13] CNBC,[14] Variety,[15] Politico,[16] People Magazine,[17] The Independent,[18] The Guardian,[19] and Rolling Stone,[20] among others, have republished the Defamatory Statements.

87.     Although these social media posts and articles are only a fraction of the impressions and engagement that have been generated by the Article, the false, defamatory, malicious, disparaging, and inflammatory statements contained therein have been seen by tens of millions—if not hundreds of millions—of people.

---

[12] "Wall Street Journal: Birthday letter to Epstein bore Trump's signature, drawing of naked woman" CABLE NEWS NETWORK (last visited May 27, 2026) (https://www.cnn.com/2025/07/17/politics/epstein-birthday-letter-trump).

[13] "WSJ: Trump birthday note to Epstein says 'May every day be another wonderful secret'" MSNBC (last visited on May 27, 2026) (https://www.msnbc.com/all-in/watch/wsj-trump-birthday-note-to-epstein-says-may-every-day-be-another-wonderful-secret-243433029666).

[14] "Trump sent Jeffrey Epstein 'bawdy' 50th birthday letter: WSJ" CNBC (Last visited May 27, 2026) (https://www.cnbc.com/amp/2025/07/17/trump-jeffrey-epstein-birthday-letter-wsj.html).

[15] "Trump Threatened Legal Action to Block Publication of Embarrassing WSJ Jeffrey Epstein Story" VARIETY (last visited May 27, 2026) (https://variety.com/2025/politics/news/trump-attempted-block-publication-wsj-jeffrey-epstein-story-1236463201/).

[16] "WSJ says Trump wrote racy birthday letter to Epstein. The president says it never happened." POLITICO (last visited May 27, 2026) (https://www.politico.com/news/2025/07/17/trump-epstein-wall-street-journal-00461787).

[17] "Trump Reportedly Told Epstein They Have 'Certain Things in Common' in Lewd Birthday Card: 'May Every Day Be Another Wonderful Secret'" PEOPLE MAGAZINE (last visited May 27, 2026) (https://people.com/trump-reportedly-told-epstein-they-have-certain-things-in-common-in-lewd-birthday-card-11690275).

[18] "'Bawdy' birthday card that Trump reportedly sent to Epstein shines new light on their friendship" THE INDEPENDENT (last visited May 27, 2026) (https://www.independent.co.uk/news/world/americas/us-politics/trump-epstein-files-friendship-list-b2791282.html).

[19] "Trump news at a glance: Fallout from Epstein case widens as Trump threatens to sue WSJ" THE GUARDIAN (last visited May 27, 2026) (https://www.theguardian.com/us-news/2025/jul/18/trump-administration-news-today).

[20] "Team Trump was on 'F-cking Warpath' to Kill Story About Salacious Letter to Epstein" ROLLING STONE (last visited May 27, 2026) (https://www.rollingstone.com/politics/politics-features/trump-team-tried-kill-report-salacious-letter-epstein-1235388533/).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

88. All of the above-referenced articles, posts, and statements containing the Defamatory Statements have resulted in overwhelming financial and reputational damages to President Trump, expected to be in the billions of dollars, due to the direct and implicit defamatory statements persisting throughout the Article.

89. All conditions precedent to the bringing of this action have occurred, been satisfied, or have otherwise been waived.

90. As a result of the Defendants' wrongful conduct, described herein, and Plaintiff's need to protect and enforce his legal rights, Plaintiff has retained the undersigned attorneys, and is required to pay his attorneys' fees in order to prosecute this action.

## COUNT I – DEFAMATION PER SE

91. Plaintiff repeats and realleges the allegations contained within paragraphs 1 through 90, *supra*, as if set forth herein.

92. The Defamatory Statements set forth in paragraph 38 and all subparagraphs therein were published by Defendants to tens of millions of third parties.

93. As explained in paragraphs 41 through 49, the Defamatory Statements set forth in paragraph 38 and all subparagraphs therein are false.

94. As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 38 and all subparagraphs therein with actual malice because they knew or should have known that those Defamatory Statements were false.

95. As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 38 and all subparagraphs therein with actual malice because they recklessly disregarded whether those Defamatory Statements were true.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

96. As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 38 and all subparagraphs therein with actual malice because they purposefully avoided investigating whether those Defamatory Statements were true.

97. As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 38 and all subparagraphs therein with actual malice, ill will, oppression, and fraud in that they were aware at the time of the falsity of the publication, and thus made said publications in bad faith, out of hatred and ill-will directed towards Plaintiff, and without any regard for the truth.

98. The Defamatory Statements set forth in paragraph 38 and all subparagraphs therein are defamatory *per se* because they subject President Trump to hatred, ridicule, or disgust.

99. The Defamatory Statements set forth in paragraph 38 subject President Trump to hatred, ridicule, or disdain because they falsely and maliciously impute that he was close friends with Epstein, that he and Epstein shared secrets with one another, and that President Trump was complicit in Epstein's sex trafficking crimes.

100. The Defamatory Statements set forth in paragraph 38 and all subparagraphs therein are defamatory *per se* because they tend to so harm the reputation of Plaintiff as to lower his professional reputation in the community or deter third persons from associating or dealing with him.

101. The Defamatory Statements set forth in paragraph 38 and all subparagraphs therein were not privileged because they do not constitute any of the Defendants' opinions. Instead, the Defamatory Statements set forth in paragraph 38 are readily capable of being proven true or false for the reasons explained in paragraphs 41 through 49.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

102.    The Defamatory Statements set forth in paragraph 38 do not constitute a fair report or neutral report because they are not quoting, paraphrasing, or recasting an official document or proceeding.

103.    The Defamatory Statements set forth in paragraph 38 and all subparagraphs therein are not otherwise privileged.

104.    As a result of the maliciously false and defamatory publication of the Defamatory Statements set forth in paragraph 38 and all subparagraphs therein to third parties, Plaintiff has been damaged.

105.    Because Defendants' Defamatory Statements set forth in paragraph 38 and all subparagraphs therein constitute intentional acts which were made with actual malice towards Plaintiff, Plaintiff seeks an award for punitive damages.

**WHEREFORE**, Plaintiff President Donald J. Trump demands judgment against Defendants Dow Jones & Company, Inc., News Corporation, Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo for damages, punitive damages, court costs, and such other relief as the Court deems just and proper, not to be less than $10 billion dollars.

## COUNT II – DEFAMATION PER QUOD

106.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 90, *supra*, as if fully set forth herein.

107.    The Defamatory Statements set forth in paragraph 39 and all subparagraphs therein were published by Defendants to millions of third parties.

108.    As explained in paragraphs 41 through 49, the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein are false.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

109.    As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein with actual malice because they knew or should have known that those Defamatory Statements were false.

110.    As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein with actual malice because they recklessly disregarded whether those Defamatory Statements were true.

111.    As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein with actual malice because they purposefully avoided investigating whether those Defamatory Statements were true.

112.    As explained in paragraphs 26 through 35 and 50 through 75, the Defendants published the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein with actual malice, ill will, oppression, and fraud, in that they were aware at the time of the falsity of the publication, and thus made said publications in bad faith, out of hatred and ill-will directed towards Plaintiff, and without any regard for the truth.

113.    The Defamatory Statements set forth in paragraph 39 and all subparagraphs therein are defamatory *per quod* because they falsely and maliciously imply to the reader that President Trump was close friends with Epstein, that he and Epstein shared secrets with one another, and that President Trump was complicit in Epstein's sex trafficking crimes.

114.    The Defamatory Statements set forth in paragraph 39 and all subparagraphs therein are defamatory *per quod* because they tend to so harm the reputation of Plaintiff as to lower his

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

professional reputation in the community or deter third persons from associating or dealing with him.

115.     The Defamatory Statements set forth in paragraph 39 and all subparagraphs therein were not privileged because they do not constitute any of the Defendants' opinions. Instead, the Defamatory Statements set forth in paragraph 39 are readily capable of being proven true or false for the reasons explained in paragraphs 41 through 49.

116.     The Defamatory Statements set forth in paragraph 39 do not constitute a fair report or neutral report because they are not quoting, paraphrasing, or recasting an official document or proceeding.

117.     The Defamatory Statements set forth in paragraph 39 and all subparagraphs therein are not otherwise privileged.

118.     As a proximate result of the maliciously false and defamatory publication of the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein to third parties, Plaintiff has been damaged.

119.     The Defamatory Statements set forth in paragraph 39 and all subparagraphs therein caused President Trump to suffer actual, out of pocket losses that are directly attributable to his diminished reputational standing in the community.

120.     President Trump's special damages include, but are not limited to, lost profits, out of pocket losses, and realized losses in the form of reputational harm due to the millions of people that have interacted with the Article and the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

121. Because Defendants' Defamatory Statements set forth in paragraph 39 and all subparagraphs therein constitute intentional acts which were made with actual malice towards Plaintiff, Plaintiff seeks an award for punitive damages.

**WHEREFORE,** Plaintiff President Donald J. Trump demands judgment against Defendants Dow Jones & Company, Inc., News Corporation, Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo for damages, punitive damages, court costs, and such other relief as the Court deems just and proper, not to be less than $10 billion dollars.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial as to all issues so triable.

Date: May 27, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

    *Counsel for Plaintiff*
    *President Donald J. Trump*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on May 27, 2026, through the United States District Court for the Southern District of Florida's CM/ECF electronic filing system upon:

George S. Lemieux, Esq.
Timothy J. McGinn, Esq.
Eric C. Edison, Esq.
Gunster, Yoakley & Stewart, P.A.
450 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
glemieux@gunster.com
tmcginn@gunster.com
eedison@gunster.com
dpeterson@gunster.com
pholness@gunster.com
mzayas@gunster.com
eservice@gunster.com

Katherine M. Bolger, Esq.
Davis Wright Tremaine, LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020-1104
katebolger@dwt.com
nycdocket@dwt.com

*Counsel for Defendants Dow Jones & Company, Inc.*
*d/b/a The Wall Street Journal, News Corporation,*
*Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar,*
*and Joseph Palazzolo*

By: /s/ *Alejandro Brito*

25
**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071