**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

Case No. 1:25-cv-23232-DPG

PRESIDENT DONALD J. TRUMP, an individual,

      Plaintiff,

v.

DOW JONES & COMPANY, INC. d/b/a THE
WALL STREET JOURNAL, a Delaware
corporation, NEWS CORPORATION, a Delaware
corporation, KEITH RUPERT MURDOCH, an
individual, ROBERT THOMSON, an individual,
KHADEEJA SAFDAR, an individual, and JOSEPH
PALAZZOLO, an individual,

      Defendants.

_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendants Dow Jones & Company, Inc. ("Dow Jones"), News Corporation ("News Corp."), Keith Rupert Murdoch, Robert Thomson, Khadeeja Safdar, and Joseph Palazzolo (collectively, "Defendants"), by and through their undersigned counsel, respectfully request that this Court stay all discovery pending a decision on Defendants' Motion to Dismiss the First Amended Complaint (the "FAC") and incorporate the following Memorandum of Law:

**INTRODUCTION**

Plaintiff President Donald J. Trump ("Plaintiff") has now tried three times to obtain premature discovery in this meritless defamation action.  His first attempt came a mere *ten days* after he filed his initial complaint, when he filed a motion to issue subpoenas to depose and obtain documents from Defendant Murdoch—the Chairman Emeritus of News Corp.  Dkt. 23.  He

subsequently withdrew that motion and agreed to stay discovery until Defendants' motion to dismiss was adjudicated.  Dkt. 28.[1]  After the Court dismissed his complaint—finding it came "nowhere close" to pleading actual malice, Dkt. 65 ("Order") at 14—Plaintiff requested permission to take extensive discovery of Defendants, even though there was no operative complaint, Dkt. 60.  The Court rejected this request, finding it "improper" and at odds with the actual malice standard.  Dkt. 66 at 2.  Undaunted, Plaintiff's counsel, after filing the FAC, has informed Defendants that he *yet again* intends to seek premature discovery, starting with the apex deposition of Murdoch.[2]  But, as detailed in Defendants' pending motion to dismiss, the FAC utterly fails to address the defects highlighted in this Court's opinion dismissing the initial complaint and is fatally defective on multiple grounds.  Because Plaintiff appears bent on repeatedly pursuing improper discovery, Defendants now bring this motion to stay.

As this Court has already recognized, "the doors of discovery do not unlock for a plaintiff armed with nothing more than conclusions."  Dkt. 66 at 2 (quoting *Carter v. DeKalb Cty. Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013)).  Yet Plaintiff once again has nothing more. Because Plaintiff did not adequately address the pleading deficiencies identified in this Court's earlier dismissal order, Defendants' motion to dismiss is likely to succeed. Permitting Plaintiff to take discovery of Defendants in this posture would be precisely the type of "expensive yet groundless litigation the Eleventh Circuit has cautioned against."  Dkt. 66 at 3.  Defendants therefore respectfully request that the Court stay all discovery in this action pending resolution of Defendants' motion to dismiss the FAC.

---

[1] As set forth in the Joint Stipulation: "Until Defendants' forthcoming Motion to Dismiss the Complaint is adjudicated, the Parties agree not to engage in discovery."

[2] See Declaration of Katherine M. Bolger ("Bolger Dec.") ¶ 3 & Ex. 1.

## ARGUMENT

This Court should stay discovery pending a decision on the motion to dismiss. "Because a facial challenge to the legal sufficiency of a claim," such as a motion to dismiss, "raises only questions of law, neither the parties nor the court have any need for discovery before the court rules on the motion." *World Holdings, LLC v. Fed. Rep. Ger.*, 701 F.3d 641, 655 (11th Cir. 2012) (internal quotations omitted). Accordingly, motions to dismiss "should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see also, e.g.*, *Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) ("any legally unsupported claim . . . should be eliminated before the discovery stage") (citing *Chudasama*, 123 F.3d at 1368). Allowing an invalid claim to proceed to discovery "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368; *see also Borislow v. Canaccord Genuity Grp.*, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) ("The Court's review of the complaint and the motion to dismiss leaves it with the concern that Plaintiff's defamation claim may be legally insufficient. . . . Absent a stay of discovery pending determination of these threshold legal issues, Defendants will be forced to expend considerable resources to respond to Plaintiff's discovery requests."); *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (noting that district courts may stay discovery "to protect a party from annoyance, oppression, or undue burden or expense" and that "potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay").

Consistent with that guidance, courts in this Circuit, including this Court, routinely grant discovery stays pending the resolution of potentially meritorious dispositive motions. *See, e.g.*,

*Loomer v. Maher*, No. 5:24-cv-00625, Dkt. 27 (M.D. Fla. Dec. 23, 2024); *Meadows v. Am. Airlines, Inc.*, 2024 WL 4633991, at *1 (S.D. Fla. Oct. 31, 2024) (Gayles, J.); *McCullough v. Royal Caribbean Cruises, Ltd.*, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (Gayles, J.).

As this Court has already recognized, discovery stays play a particularly important role in defamation actions, since there is a "powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016); *see* Dkt. 66 at 3. "Forcing publishers to defend inappropriate suits through expensive discovery proceedings . . . would constrict" the "breathing space" that the First Amendment requires. Dkt. 66 at 3 (quoting *Michel*, 816 F.3d at 702). For this reason, discovery stays are often granted in defamation actions. *See, e.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming stay of discovery pending resolution of motion for judgment on the pleadings in defamation action); *Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020) (granting stay of discovery in defamation action and recognizing the "powerful" speech interests at stake); *see also Vesselov v. Harrison*, 2024 WL 536061, at *1 (S.D. Fla. Jan. 4, 2024) (noting that discovery was stayed pending ruling on motion to dismiss); *Schmidt v. Wash. Newspaper Publ'g Co.*, 2018 WL 11650584, at *10 (S.D. Fla. Oct. 4, 2018) (same).[3]

In evaluating whether to stay discovery, courts must "balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Rodriguez*, 2022 WL 2231504, at *3 (citation omitted). In so doing, "courts generally take a preliminary peek at the merits of the dispositive motion to see

---

[3] Courts outside this Circuit have similarly stayed discovery in defamation cases pending rulings on motions to dismiss. *See, e.g.*, *Lively v. Wayfarer Studios LLC*, 2025 WL 698287, at *2 (S.D.N.Y. Mar. 4, 2025); *Flynn v. Weissmann*, No. 24-cv-02409, Dkt. 51, (S.D.N.Y. June 6, 2024).

4

if it appears to be clearly meritorious and truly case dispositive" and "consider the relative prejudice and hardship worked on each party if a stay is or is not granted." *Id.* (internal quotations and citations omitted).

Here, these considerations weigh heavily in favor of staying discovery pending resolution of Defendants' motion to dismiss the FAC.

## I.  THE MOTION TO DISMISS IS LIKELY TO BE CASE DISPOSITIVE

Defendants have already once prevailed in this case on a motion to dismiss.  This Court previously found that Plaintiff's complaint came "nowhere close" to meeting the actual malice standard; instead, "quite the opposite." Order at 14.  A "preliminary peek" at Defendants' second motion reveals that, as before, the FAC falls woefully short of pleading actual malice, as well as other integral elements of a defamation claim, including defamatory meaning and material falsity. Accordingly, the motion should dispose of this case in its entirety on several independent grounds.

*First*, Plaintiff still fails to plausibly plead that Defendants published the challenged article (the "Article") with actual malice.  Mot. at 7-13.  The FAC's new allegations largely re-package Plaintiff's earlier argument—rejected by this Court—that Defendants failed to investigate before publishing the Article.  Even setting aside that a failure to investigate does not show actual malice, this Court already concluded that the opposite is true. *See* Order at 14 ("In short, the Complaint and Article confirm that Defendants attempted to investigate.").  As the Article reflects, *The Wall Street Journal* (the "*Journal*") sought comment from Plaintiff, Ghislaine Maxwell and her attorney, the Justice Department, and the FBI; its reporters spoke with individuals involved in compiling Jeffrey Epstein's 50th birthday book (the "Birthday Book"); they researched the bookbinder's website; they contacted individuals referenced in the Birthday Book; and they published President Trump's categorical denials.  Mot. at 7-9.  Accordingly, the FAC does not

5

alter this Court's prior conclusion: "President Trump's conclusory allegation that Defendants had contradictory evidence and failed to investigate is rebutted by the Article and is insufficient to establish actual malice." Order at 14.

Otherwise, the FAC attempts to manufacture actual malice in two ways. Mot. at 9-12. The FAC first claims that the Article contains several omissions—certain of which (like the *Journal*'s investigative steps) are not omitted at all. *Id.* at 9-10. The remaining "omissions" amount to, at most, editorial disagreements over information Plaintiff would have preferred the *Journal* include in the Article, which is not evidence of actual malice. *Id.* The FAC next asserts that an article subsequently published by the *Journal* in September 2025, which compares the letter bearing Plaintiff's name with prior communications from Plaintiff (the "Sept. 8 Article"), evidences Defendants' actual malice. *Id.* at 11-12. But, in fact, the Sept. 8 Article *negates* a finding of actual malice. *Id.* Further, Plaintiff yet again fails to plead actual malice as to each Defendant, as he must. *Id.* at 12-13. For these reasons, the FAC, just like the initial complaint, fails to plausibly plead actual malice.

*Second*, the Article does not have a defamatory meaning. *Id.* at 13-18. Even if it had reported that Plaintiff personally crafted the letter to Epstein—and it does not—there is nothing defamatory about a person sending a bawdy note to a friend, including a friend who is later charged with and convicted of crimes. *Id.* at 14-15. Plaintiff's defamation *per quod* claim also independently fails because he again fails to plead special damages. *Id.* at 16-17; *see also* Order at 16. Nor can his defamation claims be salvaged through the doctrine of defamation by implication because he maintains that all of the challenged statements are false, while a defamation by implication claim requires the juxtaposition of "literally true" statements. Mot. at 17-18; Order at 11 n.10 (quoting *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)).

*Third*, the Article was proven true when Congress released a letter identical to the one described in the Article.  Mot. at 18-19.  While Plaintiff alleges that Defendants did not actually obtain a copy of this letter prior to publication, he does not refute that the letter described in the Article exactly matches the one released by Congress.  *Id.*  The fact that a letter exists, exactly as described in the Article, means the Article is, at a minimum, substantially true, which is an absolute defense to a defamation claim.  *See, e.g.*, *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017).

Given these many deficiencies in the FAC, Defendants' motion is likely to be case dispositive.

## II.      A BRIEF STAY OF DISCOVERY WILL NOT PREJUDICE PLAINTIFF

In addition, Plaintiff will suffer no prejudice from a brief stay of discovery pending the adjudication of Defendants' motion to dismiss. A finite discovery stay "to allow the Court to resolve [a] [m]otion to [d]ismiss will not prejudice Plaintiff."  *Taylor v. R.J. Reynolds Tobacco Co.*, 2010 WL 11506080, at *1 (S.D. Fla. Mar. 5, 2010).  A stay creates no case management or scheduling problems, nor does it "unfairly hold up the prosecution of the case."  *Ofer v. Millan*, 2024 WL 4273270, at *4 (S.D. Fla. Sept. 24, 2024) (finding a stay granted in this posture to impose "nonexistent harm" to plaintiff); *see also McCabe*, 233 F.R.D. at 687 (rejecting argument that "[p]laintiff will be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided"); *Alapaha View Ltd. v. Prodigy Network*, LLC, 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) ("'[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'") (citation omitted).  Here, that is clearly the case.  Indeed, Plaintiff previously agreed to a discovery stay pending Defendants' first motion to dismiss, *see* Dkt. 27, and there has

been no relevant change in circumstances, further confirming that Plaintiff suffers no prejudice doing so again now.

Finally, a discovery stay is especially appropriate here because, as before, Plaintiff has no "need[] to engage in discovery" in order to respond to (or for the Court to resolve) Defendants' motion to dismiss for failure to state a claim. *Tillman v. Ally Fin. Inc.*, 2016 WL 9488774, at *3 (M.D. Fla. Oct. 18, 2016) (staying discovery on this basis); *see also Ofer*, 2024 WL 4273270, at *3 (courts should resolve motions to dismiss "before discovery" because there are "no issues of fact" and "neither the parties nor the court have any need for discovery" before the court rules). As the Court previously recognized, that motion turns solely upon the allegations in the FAC.

### III.    UNNECESSARY DISCOVERY WOULD PREJUDICE DEFENDANTS AND WASTE JUDICIAL RESOURCES

Defendants, however, would suffer *significant* prejudice if discovery were permitted to move forward before the second motion to dismiss is decided, especially since Plaintiff's very first discovery request is the apex deposition of Murdoch, News Corp.'s Chairman Emeritus. Bolger Decl. ¶ 3 & Ex. 1; *see Meadows v. Am. Airlines*, 2024 WL 4634038, at *6 (S.D. Fla. Sept. 23, 2024) (staying discovery in part because of the "undue burden" that would be caused by plaintiff's "very *first* discovery request" of apex depositions of defendant's CEO and other senior leaders), *report and recommendation adopted sub nom. Meadows*, 2024 WL 4633991 (Gayles, J.).

More broadly, because this case centers around Defendants' First Amendment protected speech, Defendants would suffer significant prejudice if forced to commence discovery prematurely. Indeed, both Florida's and New York's anti-SLAPP laws recognize that "the very filing and continuation" of lawsuits—like this one—concerning "speech in connection with public issues" has a "chilling effect on constitutional rights." *Davis v. Mishiyev*, 339 So.3d 449, 452 (Fla. Ct. App. 2022) (citation omitted); *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 188–89 (S.D.N.Y.

2024) (reiterating that the New York legislature intended to create a "vehicle through which defendants could expeditiously halt SLAPP claims . . . without the burden of the same protracted litigation" implicating speech interests).

From a practical standpoint, discovery in this action would likely present significant, expensive, and complex issues.[4]  This case has been brought by the sitting President of the United States—who will undoubtedly need to be deposed and to produce documents if discovery proceeds. It implicates materials possessed by third parties, including the estate of Jeffrey Epstein. And it involves a media entity and reporters, who will need to assess the invocation of privilege under New York's shield law.  *See* N.Y. Civ. Rts. L. § 79-h.  Indeed, the application of the shield law "raises delicate and complicated issues which would increase the burden of responding to discovery."  *Lively*, 2025 WL 698287, at *1.  Accordingly, in addition to the traditional financial and resource burdens of premature document collection and production, Defendants would also be forced to incur significant expense to hurriedly navigate complex privilege issues, which would prove entirely unnecessary if this Court grants their motion to dismiss the FAC.

Finally, staying discovery serves the interests of judicial economy, since discovery "can tax scarce judicial resources when discovery disputes arise."  *McCabe*, 233 F.R.D. at 685 (citing *Chudasama*, 123 F.3d at 1367-68); *see also Meadows*, 2024 WL 4634038, at *1 (recognizing likelihood of litigation over plaintiff's efforts to take apex depositions "without first seeking to use other, less-intrusive discovery tools"); *Chevaldina v. Katz*, 2017 WL 6372620, at *3 (S.D. Fla.

---

[4] In a defamation case brought by Plaintiff against the British Broadcasting Corporation (BBC), discovery has already prompted complex issues leading to motion practice.  As just a few examples, Plaintiff has declined to produce certain financial records, refused to produce other records based on executive privilege, and requested a reassignment of the magistrate supervising discovery.  *See Donald J. Trump v. British Broadcasting Corp.*, No. 1:25-cv-25894 (S.D. Fla.), Dkt. 52 (filed May 15, 2026); Dkt. 53 (filed May 18, 2026); Dkt. 57 (filed May 26, 2026).

Aug. 28, 2017) (it is a "continued waste of judicial economy to allow [p]laintiff to litigate action when the entire case may soon be dismissed").  "So long as a stay is neither immoderate nor indefinite, a stay is appropriate in the interest of judicial convenience."  *Rodriguez*, 2022 WL 2231504, at *3 (internal alterations and citation omitted).  If this Court "dismisses [Plaintiff's] nonmeritorious claim[s] before discovery has begun," then "unnecessary costs to the litigants and to the court system can be avoided."  *Chudasama*, 123 F.3d 1353 at 1368.  That is especially true here, where this Court has already once found that Plaintiff's case came "nowhere close" to being sufficiently pled, Order at 14, and nothing in the FAC suggests that Plaintiff has inched any closer to plausibly stating his claims.

## CONCLUSION

For the foregoing reasons, this Court should stay discovery pending resolution of Defendants' motion to dismiss the FAC.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), on June 8, 2026, prior to filing this motion, Defendants' counsel conferred with Plaintiff's counsel via email and telephone.  Plaintiff's counsel communicated that Plaintiff objects to Defendants' request to stay all discovery.

Dated: June 10, 2026

By: */s/ George S. LeMieux*

**GUNSTER, YOAKLEY & STEWART, P.A.**
George S. LeMieux
(Florida Bar No. 16403)
Eric C. Edison
(Florida Bar No. 010379)
Timothy J. McGinn
(Florida Bar No. 1000377)
450 East Las Olas Boulevard, Suite 1400

Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger*
Amanda B. Levine*
Meenakshi Krishnan*
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Telephone: (212) 489-8230
katebolger@dwt.com
amandalevine@dwt.com
meenakshikrishnan@dwt.com

10

Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
glemieux@gunster.com
eedison@gunster.com
tmcginn@gunster.com

**DECHERT LLP**
Andrew J. Levander*
Steven A. Engel*
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.engel@dechert.com

*pro hac vice*

*Counsel for Defendants*