## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

PRESIDENT DONALD J. TRUMP, an individual,

    Plaintiff,

    v.

DOW JONES & COMPANY, INC. d/b/a THE WALL STREET JOURNAL, a Delaware corporation, NEWS CORPORATION, a Delaware corporation, KEITH RUPERT MURDOCH, an individual, ROBERT THOMSON, an individual, KHADEEJA SAFDAR, an individual, and JOSEPH PALAZZOLO, an individual,

    Defendants.

Case No.: 1:25-cv-23232-DPG

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING <u>RULING ON MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through undersigned counsel, hereby files this Memorandum of Law in Opposition to the Motion to Stay Discovery Pending Ruling on Motion to Dismiss First Amended Complaint [D.E. 69] ("Motion to Stay") filed by Defendants Dow Jones & Company, Inc. ("Dow Jones"), News Corporation ("News Corp."), Keith Rupert Murdoch ("Murdoch"), Robert Thomson ("Thomson"), Khadeeja Safdar ("Safdar"), and Joseph Palazzolo ("Palazzolo") (together, "Defendants"). In support thereof, Plaintiff states as follows:

### INTRODUCTION

This action arises out of a malicious, false, and defamatory article, titled "Jeffrey Epstein's Friends Sent Him Bawdy Letters for a fiftieth Birthday Album. One was from Donald Trump," that was published by *The Wall Street Journal* on July 17, 2025 (the "Article"). The Article

wrongly, falsely, defamatorily, and as a matter of supposed stated fact, accused President Trump of authoring, drawing, and signing a bawdy birthday "letter," including a hand-drawn naked woman, to the disgraced sex trafficker Jeffrey Epstein. As he has maintained since before the Article was published, President Trump did not write, draw, or sign any such letter, and he told Defendant Murdoch precisely that, on the telephone, *before* the Article was published. Murdoch responded, "I will handle it." Defendants nevertheless published the Article to tens of millions of readers.

On May 22, 2026,[1] the Court dismissed President Trump's original Complaint, *without prejudice* and with leave to amend, based on a single, narrow ground: that the Complaint had not yet pled facts sufficient to support a plausible inference of actual malice. *See* Amended Order [D.E. 66] (the "Order") at 14–16. The Court expressly declined to address Defendants' alternative arguments that the Article was true and not defamatory, which is not the case, holding instead that "whether President Trump was the author of the Letter or Epstein's friend are questions of fact that cannot be determined at this stage of the litigation." Order at 11. The Court also declined to incorporate by reference, or to take judicial notice of, the Birthday Book and the Produced Letter on which Defendants principally relied—because Plaintiff disputes their authenticity. Order at 8. Indeed, the Court noted that "This is a factual dispute that the Court cannot resolve at this stage of the litigation." Order at 10.

The operative First Amended Complaint [D.E. 67] (the "FAC") adds substantial additional facts that, taken together, unequivocally demonstrate Defendants' actual malice. The FAC contains

---

[1] The Court previously entered an order [D.E. 59] granting in part and denying in part Defendants' Motion to Dismiss the Complaint [D.E. 35] and Request for Judicial Notice [D.E. 38]. The Order [D.E. 66] was subsequently entered.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

particularized factual allegations of purposeful avoidance of the truth as to each Defendant. *See* D.E. 67 at ¶¶ 50-75.

Faced with that materially updated pleading, Defendants now seek the extraordinary and improper relief of a blanket stay of all discovery pending adjudication of their Motion to Dismiss the First Amended Complaint and Incorporated Memorandum of Law [D.E. 68] ("Motion to Dismiss the FAC"). Defendants ask the Court to improperly halt this case in its entirety based on nothing more than the pendency of their motion and generalized invocations of First Amendment "breathing space." That request is directly contradictory to the settled law in this Circuit—and in this District—that stays of discovery are the *exception*, not the rule, and that the proponent of a stay bears a "tall burden," that Defendants do not come close to meeting here. For at least three reasons, the Court should deny the Motion to Stay.

*First*, Defendants cannot show the "clear indication" of inevitable, case-dispositive dismissal that this District requires. The Court has already found that "whether President Trump was the author of the Letter or Epstein's friend are questions of fact that cannot be determined at this stage of the litigation." Order at 11. The Court also declined to take judicial notice of the alleged letter and Epstein's Birthday Book because "President Trump disputes that he wrote or signed" the alleged letter. Order at 8.

As to actual malice, the FAC now pleads multiple examples of it. The FAC alleges that Defendants purposefully avoided the truth (including, without limitation, the Murdoch call, Maxwell's sworn statement to the Department of Justice that she did not recall any letter from Plaintiff, the catalogue of investigative omissions, the September 8, 2025 follow-up Article, and Defendants' admitted non-possession of the letter at the time of publication), that Defendants omitted at least nine objective facts from the Article, that Defendants either did not speak with

Maxwell, or declined to disclose what she told them about the alleged letter, and that they failed to include any denial from President Trump about whether he signed the alleged letter. *See* D.E. 67 at ¶¶ 50-61. Moreover, the FAC pleads actual malice as to each Defendant. *See id*. at ¶¶ 50-75. Consequently, Defendants fall well short of the applicable standard.

*Second*, Defendants make no "specific showing of prejudice or undue burden" as the law in this District demands. Instead, Defendants' Motion to Stay is built on speculation—that Plaintiff *might* pursue Murdoch's deposition first, that discovery *might* implicate the shield law, and that costs *might* be high. However, none of Defendants' arguments are substantiated with evidence, which renders them insufficient to further delay discovery in this action. In fact, the stay the Defendants seek would impose an undue burden on President Trump.

*Third*, Defendants have already enjoyed a nearly one-year stay of discovery in this case. Despite this, Defendants seek an indefinite stay of discovery until the Motion to Dismiss the FAC is adjudicated. However, the Motion to Stay does not provide any good cause or other legitimate reason to delay discovery any further. To avoid any further prejudice to President Trump, the Court should deny Defendants' Motion to Stay.

## ARGUMENT

### I.   Legal Standard for Staying Discovery.

A stay of discovery pending a dispositive motion is far from automatic. It requires the Court to "take a preliminary peek" at the dispositive motion to determine whether it appears "clearly meritorious and truly case dispositive." *MindbaseHQ LLC v. Google LLC,* 2021 WL 680887, at *1 (S.D. Fla. Feb. 22, 2021) (denying stay; quoting *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997)). This Court has established a high burden for granting a motion to stay discovery pending the resolution of a motion to dismiss. As Chief Judge Altonaga explained:

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

> ***Th[e] skepticism of discovery stays is well-founded.*** Courts must construe the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Fed. R. Civ. P. 1. The rules governing discovery are no exception. '[W]hen discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.' *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (alteration added; citations omitted). These problems include 'duplicat[ion] [of] costs because counsel must reacquaint themselves with the case once the stay is lifted[,]' leaving '[m]atters of importance . . . mislaid or avenues unexplored[,]' and the 'management problem[s]' that inevitably arise when the case 'leaves the normal trial track.' *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988) (alterations added). For these reasons, ***federal law places a thumb on the scale against discovery stays*** while also permitting departure from that general rule when the circumstances warrant – and when the proponent of the stay sets forth sufficient justification for delay.

*Thompson v. Ryder System, Inc.*, 2022 WL 18776115, at \*2 (S.D. Fla. Sept. 7, 2022) (emphasis added).

Thus, despite Defendants' generalization that courts in this District have found that a stay is "particularly" appropriate where the claims "implicate" Defendants' First Amendment rights, the reality is that "[a] stay of discovery pending the determination of a motion to dismiss . . . is the ***exception rather than the rule***." *Cabrera v. Progressive Behavioral Science, Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (emphasis added). "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion [to dismiss] will dispose of the entire case." *Bienaime v. Fla. Dept. of Children and Families*, 2024 WL 2986929, at \*1 (S.D. Fla. Nov. 15, 2024) (citation omitted); *see also Cabrera,* 331 F.R.D. at 186 ("Dismissal of the case with prejudice is not a foregone conclusion" that would warrant an "across-the-board stay of discovery right now."); *Carey v. Kirk*, 2021 WL 9347056, at \*1 (S.D. Fla. Sept. 20, 2021) ("[M]otions to stay discovery are largely denied except in exceptional circumstances where a motion to dismiss would dispose of the entire case."); *Ray v. Spirit Airlines, Inc.,* 2012 WL 5471793, at \*2 (S.D. Fla. Nov. 9, 2012) (declining to stay

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

discovery because the motion to dismiss did not indicate that the case was "surely destined for dismissal").

"The Court generally denies motions to stay absent a clear indication that [the] Court will dismiss the action in its entirety." *Markle v. Markle*, 2023 WL 1797171, at *2 (M.D. Fla. Feb. 7, 2023) (denying motion to stay discovery in a defamation case). Consistent with that skepticism, "defendants bear a tall burden in seeking discovery stays." *Thompson*, 2022 WL 18776115, at *2. "[A] defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion: it must also make a 'specific showing of prejudice or burdensomeness[.]'" *Id.* (citing *Cuhaci v. Kouri Group, LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021)). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

As is underscored herein, Defendants have not met their burden of showing that their Motion to Dismiss the FAC is "clearly meritorious and truly case dispositive," have not demonstrated that they face any unreasonable burden or prejudice by participating in discovery, or that their request for an indefinite stay of merits discovery will not prejudice Plaintiff. The Motion to Stay should be denied.

## II. Defendants Fail To Demonstrate a "Clear Indication" That The Action Will be Dismissed in Its Entirety.

Defendants' Motion to Stay falls woefully short of demonstrating to the Court that there is a "clear indication" that Defendants' Motion to Dismiss the FAC will be granted. The Motion to Stay summarizes two arguments in support of dismissal that Defendants previously raised, and the Court declined to rule upon: (1) whether the defamatory statements are true, and (2) whether the statements are capable of defamatory meaning. *See* D.E. 66 at 12; *see also* D.E. 69 at 6. The Motion to Stay also wrongly contends that the FAC should be dismissed because President Trump

6

somehow did not provide plausible allegations of actual malice and that his defamation *per quod* and implication fail as a matter of law. *See* D.E. 69 at 5-6. That contention is wrong. None of Defendants' arguments meet the applicable standard.

**The Motion to Stay does not present a clear indication that the FAC fails to plausibly infer that Defendants published the Defamatory Statements with actual malice**. Defendants' Motion to Stay mischaracterizes the well-pled allegations in the FAC. President Trump contends that Defendants recklessly disregarded whether the Defamatory Statements (as that term is defined in paragraph 40 of the FAC) were true and/or that the Defendants purposefully avoided discovering whether those statements were true. *See* D.E. 67 at ¶ 51. President Trump then expands on that allegation by providing multiple examples showing why the Defendants published the Article with actual malice. For example, and without limitation, Defendants:

- Omitted at least nine objective facts from the Article (D.E. 67 at ¶¶ 53-54);

- Failed to speak with Ghislaine Maxwell ("Maxwell")[2] about the alleged letter (D.E. 67 at ¶¶ 55-56);

- Failed to include any denial from President Trump as to whether he signed the alleged letter (D.E. 67 at ¶¶ 57-61);

- Published the September 8, 2025, article titled "A Visual Breakdown of the Trump Birthday Letter to Epstein," which contains a signature that President Trump used in 2004 that is materially different from the purported signature in the alleged letter, which is dated

---

[2] The Article states that "Maxwell didn't respond to a letter requesting an interview sent to her prison." However, that statement is placed in the section of the Article titled "Jeffrey enjoys his social life," which is located several paragraphs after where the Defamatory Statements are in the Article. Moreover, that request for an interview does not provide any context that would lead the reader of the Article to believe that Defendants sought Maxwell's interview regarding the alleged letter.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

2003, and other statements therein that created the false impression that President Trump authored, typed, and signed the alleged letter, which he did not do, in order to whitewash Defendants' prior false, malicious, and defamatory reporting in the Article (D.E. 67 at ¶¶ 62-67); and

- Failed to take any steps to independently verify that the contents of the alleged letter were authentic, which they were not, and that Defendants had the opportunity to do so at the time the Article was published (D.E. 67 at ¶¶ 68-70).

Taken together, these allegations plausibly support the allegation that Defendants purposefully avoided determining whether the Defamatory Statements at issue are true—conduct the Supreme Court placed "in a different category" from a mere failure to investigate, *Harte-Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 692 (1989), as this Court recognized in its Order. *See* D.E. 66 at 15 n.15. Further, President Trump's FAC alleges actual malice as to each Defendant. President Trump told Defendant Murdoch and Defendant Thomson that the alleged letter and the forthcoming Article were false. *See* D.E. 67 at ¶¶ 16-17, 75. The FAC alleges that Defendant Thomson directed that the Article be published despite having knowledge of the clear "journalistic failures of the due diligence and accuracy of the Article[.]" *Id*. at ¶¶ 50, 76. The FAC also alleges that Defendants Safdar and Palazzolo, the authors of the Article, acted with actual malice based on the reasons in the bullet points above. *See id*. at ¶¶ 53-70. The FAC also alleges that Defendants News Corp. and Dow Jones acted with actual malice due to the acts of Defendants Safdar and Palazzolo, who were acting in the course and scope of their employment during the newsgathering, drafting, editing, and publication of the Article. *See id*. at ¶¶ 73-74.

Overall, Defendants' Motion to Stay does not demonstrate that the arguments in the Motion to Dismiss on actual malice are "clearly meritorious and truly case dispositive," (*MindbaseHQ*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*LLC,* 2021 WL 680887, at *1) or that Defendants have presented "a clear indication that [the] Court will dismiss the action in its entirety" based on Defendants' actual malice arguments. *Markle*, 2023 WL 1797171, at *2.

***The Court previously found disputes of fact that undermine Defendants' previously rejected arguments that the Defamatory Statements are true and are capable of defamatory meaning***. Indeed, the Court's Order found that "whether President Trump was the author of the Letter or Epstein's friend are questions of fact that cannot be determined at this stage of the litigation." D.E. 66 at 12. Nevertheless, Defendants' Motion to Stay improperly argues that "there is nothing defamatory about a person sending a bawdy note to a friend, including a friend who is later charged with a crime."

As to the authenticity of the alleged letter and Epstein's Birthday Book, the Court's Order found that "President Trump disputes that he wrote or signed the Produced Letter. Based on these factual disputes, the Court denies Defendants' request to incorporate by reference the Birthday Book and Produced Letter." D.E. 66 at 8. As to the Press Release, the Subpoena, Epstein's Birthday Book, and the alleged letter, the Court found that "[w]hile the produced documents certainly appear identical to the album and Letter referenced in the Article, the Court cannot, simply by taking judicial notice, find that they are the same, particularly where President Trump disputes their accuracy. This is a factual dispute that the Court cannot resolve at this stage of the litigation." D.E. 66 at 10.

Despite the Court's ruling, Defendants wrongly contend that "the Article was proven true when Congress released a letter identical to the one described in the Article. Mot. at 18-19. While Plaintiff alleges that Defendants did not actually obtain a copy of this letter prior to publication, he does not refute that the letter described in the Article exactly matches the one released by

9

Congress." D.E. 69 at 7. Not only is Defendants' contention contrary to what the Court already found in its Order, it is directly belied by the allegations in the FAC. Notably, the FAC provides at least eight reasons why the alleged letter is fake, and why the Defamatory Statements in paragraphs 38 and 39 of the FAC are false, malicious, and defamatory. D.E. 67 at ¶¶ 38-49. President Trump's FAC states, among other facts, that he never authored the letter, nor directed anyone to write it on his behalf, that he never made any of the statements in the voiceover or dictated those statements to anyone, that he never had such a conversation with Jeffrey Epstein, and that he did not draw any portion of the alleged letter. *See* D.E. 67 at ¶¶ 41-49. Contrary to Defendants' mischaracterization, President Trump has repeatedly stated that the alleged letter is fake, that he did not draw it, and that he did not sign it.

*The Motion to Stay does not present a clear indication that the FAC fails to allege special damages*. "Because 'defamation *per quod* 'requires additional explanation of the words used to show that they have a defamatory meaning, ... the plaintiff must allege and prove special damages.'" *Block v. Matesic*, 789 F. Supp. 3d 1131, 1155 (S.D. Fla. 2025) (quoting *Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 457 (Fla. 5th DCA 1999)). "Special damages are 'actual, out of pocket losses which must be proven by specific evidence as to the time, cause[,] and amount,' and their 'chief characteristic ... is a realized or liquidated loss.'" *Block*, 789 F. Supp. 3d at 1155 (quoting *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004)).

Here, President Trump has pled exactly what the law requires in order to state a claim for special damages on a defamation *per quod* claim. The FAC alleges that "The Defamatory Statements set forth in paragraph 39 and all subparagraphs therein caused President Trump to suffer actual, out of pocket losses that are directly attributable to his diminished reputational

standing in the community. President Trump's special damages include, but are not limited to, lost profits, out of pocket losses, and realized losses in the form of reputational harm due to the millions of people that have interacted with the Article and the Defamatory Statements set forth in paragraph 39 and all subparagraphs therein." D.E. 67 at ¶¶ 119-120.

Altogether, these are sufficient factual allegations to plausibly infer that President Trump's defamation *per quod* cause of action meets the standard needed to put the Defendants on notice of what damages he has suffered. *See Show Plus Promotions, LLC v. Valley Nat'l Bancorp.,* 2024 WL 3745213, at *9 (S.D. Fla. May 13, 2024) (finding allegations of lost profits and loss of reputation sufficient to survive dismissal), *report and recommendation adopted,* 2024 WL 3791896 (S.D. Fla. Aug. 13, 2024); *see also Yergey v. Brinker Florida, Inc.,* 2020 WL 10817751, at *2 (M.D. Fla. 2020) (stating that plaintiff need only allege the types of special damages he or she seeks, such as "lost support and services," in order to put the defendant on notice of the claim).

### III.   If Granted, Defendants' Request for an Indefinite Stay of Discovery Would Substantially Prejudice Plaintiff.

However Defendants characterize it, the Motion to Stay requests an indefinite stay of discovery until the pending Motion to Dismiss the FAC is adjudicated. *See* D.E. 69 at 10. Defendants' Motion to Stay incorrectly claims, without explanation, that President Trump would not be prejudiced by an indefinite stay of discovery. *See* D.E. 69 at 7-8. That assertion is wrong. To try and bolster their wrongful claim that President Trump would not suffer prejudice from an indefinite stay of discovery (he would), Defendants rely on only conclusory statements from several other cases that are all factually distinguishable from this action.

*First*, Defendants rely on *Taylor v. R.J. Reynolds Tobacco Co.,* 2010 WL 11506080, at *1 (S.D. Fla. Mar. 5, 2010). However, *Taylor* does not contain any analysis explaining why the arguments raised in the motion to stay discovery and motion to dismiss at issue in that case

11

complied with the applicable standard to stay discovery or why the plaintiff would not suffer any harm if discovery was stayed. Consequently, the Court cannot draw any facts from *Taylor* to support Defendants' conclusory arguments.

*Second*, Defendants rely on *Ofer v. Millan*, 2024 WL 4273270, at *4 (S.D. Fla. Sept. 24, 2024), which granted a stay of discovery against a *pro se* plaintiff who had amended his complaint three times after the Court found that "the following arguments appear to be clearly meritorious and truly case dispositive: (1) a lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine, …; (2) a lack of subject-matter jurisdiction based on a failure of complete diversity, …; (3) a justiciability issue based on lack of standing, which arises out of the fact that Plaintiff did not own the property at issue at the times relevant to this action." None of those principles or arguments are advanced by Defendants in support of dismissal. Accordingly, *Ofer* is inapposite.

*Third*, Defendants rely on *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006), which did not concern any defamation claims, and did not raise any arguments in the motion to dismiss under 12(b)(6). In granting a stay based on facts and circumstances unrelated to this case, *McCabe* relied on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), which Defendants also wrongly rely on for the proposition that facial challenges and legal questions in a motion to dismiss should be decided before discovery begins. *See* D.E. 69 at 3, 7, 9, 10.

However, as this District has made clear time after time, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci v. Kouri Group, LP,* 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (citing *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013)); *see also Thompson*, 2022 WL 18776115, at *2 (same); *see also Ray,* 2012 WL 5471793, at *3 (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem —

unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed[.]").

*Fourth*, Defendants rely on *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *1 (S.D.N.Y. May 10, 2021), which did not concern any defamation claims, and where the motion to dismiss did not advance any argument that the complaint should be dismissed for failure to state a claim. Moreover, in *Prodigy Network*, the court noted that several default judgments on liability were entered against several defendants, and the "case is relativ[ely] young." *Id*. at *3. Not only have no judgments been entered against any Defendant in this case, but this action has already been pending for nearly a year and neither side has been afforded the opportunity to engage in discovery.

*Finally*, Defendants rely on *Tillman v. Ally Fin. Inc.,* 2016 WL 9488774, at *3 (M.D. Fla. Oct. 18, 2016), and incorrectly represent that the court granted a stay of discovery because it found that the plaintiff had no "need to engage in discovery." However, *Tillman* states otherwise. Indeed, Defendants' chosen language from *Tillman* is an *argument* that the plaintiff raised, not the court's holding. *Tillman's* holding was based on several reasons, not just the rejection of the plaintiff's arguments. Those reasons, however, do not provide any analysis on why the court in *Tillman* found that the defendant's motion to dismiss was "meritorious," such that discovery should be stayed.

Contrary to Defendants' claims, Defendants are requesting an indefinite stay. *See* D.E. 69 at 10. President Trump will suffer prejudice because it is his burden to *prove* his claims, and without discovery into Defendants' subjective state of mind, it will be very difficult to do so. Defendants have already enjoyed nearly a year without having to respond to discovery—they have not provided any legitimate basis to further delay this action.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**IV.      Defendants Fail to Make Any "Specific Showing of Prejudice or Undue Burden."**

To grant Defendants' extraordinary request for an indefinite stay of discovery, Defendants must "do more than simply point to the pendency of a dispositive motion: it must also make a 'specific showing of prejudice or burdensomeness.'" *Thompson*, 2022 WL 18776115, at *2. "Specific" claims of undue burden must be "supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012). Defendants' Motion to Stay does not include any evidence (including no affidavit) that explains what the alleged burden would be. Instead, Defendants rely on conclusory arguments and principles of law that, upon further analysis, do not support Defendants' position, and are contradicted by the facts of this case.

For example, Defendants wrongly claim that President Trump's request to depose Defendant Murdoch would cause "*significant* prejudice." D.E. 69 at 8 (emphasis in original). However, the Motion to Stay does not explain what that prejudice is. *See Sallah*, 855 F. Supp. 2d at 1376. Moreover, Plaintiff previously sought to take Murdoch's deposition first due to his age and health. *See* D.E. 23 (Plaintiff's Motion to Compel Expedited Deposition *De Bene Esse* of Defendant Keith Rupert Murdoch and Incorporated Memorandum of Law). Also, Defendants' claim that Murdoch's deposition is somehow protected by the apex doctrine is unfounded. As the FAC establishes, Murdoch has personal knowledge about the underlying facts that gave rise to this action. *See* D.E. 67 at ¶¶ 16-17, 75. As a result, Defendants' reliance on *Meadows v. Am. Airlines*, 2024 WL 4634038, at *1 (S.D. Fla. Sept. 23, 2024) is misplaced because that case is materially different than this action. *See id.* ("Moreover, Meadows has demanded to immediately take the apex-type depositions of American's CEO and other senior executives, even though he has not had any interactions with them for nearly ten years.").

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Defendants' speculation that discovery will present significant, expensive, and complex issues is also unavailing. Defendants have not been served with any discovery requests. Accordingly, Defendants cannot manufacture a burden that does not yet exist, nor can they satisfy the specific burden required by the standard applicable to their Motion to Stay. *See Trump v. British Broad. Corp.,* 2026 WL 403823, at \*2 (S.D. Fla. Feb. 12, 2026) (denying a motion to stay discovery while a motion to dismiss is pending: "the BBC Parties haven't carried their burden of showing that they'll be prejudiced if we don't grant the stay. The BBC Parties try to indicate the scale of the burden they'll face by relying on *hypothetical* discovery requests they *expect* to receive. ... But this speculation—offered before discovery has even begun—isn't sufficient to satisfy the BBC Parties' 'specific burden' here.") (emphasis in original); *see also Jackson v. Anheuser-Busch InBev SA/NV, LLC,* 2021 WL 493959, at \*1 (S.D. Fla. Feb. 10, 2021) (denying stay of discovery where defendants failed to demonstrate that the requested discovery would be "unduly burdensome," much less make the required "specific showing" of prejudice or difficulty); *see also Montoya v. PNC Bank, N.A.,* 2014 WL 2807617, at \*2 (S.D. Fla. June 30, 2014) (denying motion to stay based on conclusory statements regarding burdensome discovery).

Unable to show any concrete burdens, Defendants pivot to arguing that because the First Amendment is implicated by Plaintiff's causes of action, the standard applicable to this Motion to Stay somehow changes. *See* D.E. 69 at 10-11. That is wrong. None of the cases cited by Defendants—nor any case that Plaintiff is aware of—alter the applicable standard. Ultimately, the Motion to Stay should be denied because Defendants failed to demonstrate why their Motion to Dismiss the FAC is clearly meritorious and truly case dispositive, they failed to demonstrate that there is a "clear indication" that the FAC will be dismissed, they failed to make any specific

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

showing of prejudice or undue burden, and they failed to justify their request for an indefinite stay of discovery, which unquestionably prejudices Plaintiff.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay, direct the parties to proceed with all discovery under the Federal Rules and the Court's scheduling directives, and award any such further relief the Court deems just and proper.

Dated June 24, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    Primary: abrito@britopllc.com
    Secondary: apiriou@britopllc.com
    **IAN MICHAEL CORP**
    Florida Bar No. 1010943
    Primary: icorp@britopllc.com

    *Counsel for Plaintiff*
    *President Donald J. Trump*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on June 24, 2026, through the United States District Court for the Southern District of Florida's CM/ECF electronic filing system upon:

George S. Lemieux, Esq.
Timothy J. McGinn, Esq.
Eric C. Edison, Esq.
Gunster, Yoakley & Stewart, P.A.
450 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
glemieux@gunster.com
tmcginn@gunster.com
eedison@gunster.com
dpeterson@gunster.com
pholness@gunster.com
mzayas@gunster.com
eservice@gunster.com

Katherine M. Bolger, Esq.
Davis Wright Tremaine, LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020-1104
katebolger@dwt.com
nycdocket@dwt.com

*Counsel for Defendants Dow Jones & Company, Inc.,*
*d/b/a The Wall Street Journal, News Corporation,*
*Keith Rupert Murdoch, Robert Thomson,*
*Khadeeja Safdar, and Joseph Palazzolo*

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071